### STATE v. MARTHA BOLES.

(Filed 10 April, 1957.)

**1. Constitutional Law § 34c—**

The refusal of the court to compel a State's witness to disclose the name of a confidential informer who worked with him in purchasing the intoxicating liquor from defendant will not be held for error when at the time the witness's testimony is uncontradicted and nothing appears in evidence concerning the informer except the fact that he was present when the

witness made the purchase, the propriety of forcing a disclosure of the identity of the informer being dependent upon the circumstances of the case and at what stage of the proceedings the request is made.

**2. Criminal Law § 6a—**

Where the State's evidence shows only that the investigator for an alcohol tax unit gave defendant an opportunity to violate the law and that she freely embraced the opportunity, and defendant's defense is based solely on her contention that she was not present and did not participate in the sale, the question of entrapment does not arise.

APPEAL by defendant from *Johnston, J.,* September, 1956 Term, YADKIN Superior Court.

Criminal prosecution upon a bill of indictment charging eight different violations of the intoxicating liquor laws. The defendant was convicted on the counts charging (1) unlawful possession, (2) unlawful possession for the purpose of sale, and (3) unlawful sale. The court imposed a prison sentence of six months on each count and ordered that they should run concurrently. The defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Parks G. Hampton for defendant, appellant.*

HIGGINS, J. The State offered the testimony of Alfred J. Scheuch, an investigator for the Alcohol Tax Unit, who was in Yadkin County doing undercover work in an effort to discover violations of the liquor laws. The witness testified that on 15 April, 1956, he went to the defendant's house (accompanied by a confidential informer) and purchased from the defendant and from an unidentified man one gallon of nontaxpaid liquor for which he paid $11.00. He handed the money to the man who in turn handed it to the defendant who put it in her apron pocket. The defendant gave the witness a drink of liquor at the time of the purchase. The witness further testified that on 21 April, 1956, he went to the defendant's house with the sheriff to execute a search warrant. On that occasion no liquor was found.

On cross-examination, defendant's attorney asked the witness to give the name of the confidential informer who was present on the 15th. The witness replied: "Where we are assisting the Federal Government at the present time, I don't wish to reveal him." The following then took place:

Attorney: "Will you require him to give that information?"
Court: "No, sir."
Attorney: "Give me an exception." (Exception No. 4)

Attorney: "What was his name?"
Witness: "I can't tell you that."
Court: (to the Jury): "Gentlemen, go to the jury room."
Court: "What is your purpose?"
Attorney: "I want to know why he isn't here today."
Court: "If that is the reason, I won't permit him to answer."
Attorney: "I want to know if he was there when certain things happened."
Court: "You can ask that."
Attorney: "Give me an exception." (Exception No. 5)

In passing on defendant's assignments based on exceptions Nos. 4 and 5, we must do so in the light of the facts before Judge Johnston at the time he made the ruling complained of. At that time there was no conflict in the testimony. Nothing appeared in the evidence concerning the informer except the fact that he was present when the witness made the purchase. We hold that the defendant did not make a sufficient showing to require the disclosure. The court's refusal to order it under the circumstances was not error.

After the State rested the defendant testified that on 15 April she was not at home; that she did not sell or participate in the sale of liquor on that day; that the first time she ever saw the State's witness was on 21 April when he came to her house with the sheriff. Thus the evidence as to whether the defendant was at home on 15 April and participated in the sale was sharply in conflict.

Had the defendant, in the light of this conflict, requested the name of the confidential informer as a possible defense witness, a more serious question would have been presented. That question, however, was not before Judge Johnston and consequently is not before us. The propriety of disclosing the identity of an informer must depend on the circumstances of the case and at what stage of the proceedings the request is made. *Roviaro v. United States*, decided 25 March, 1957.

The defendant insists a verdict of not guilty should have been directed on the ground that if the defendant sold the liquor as testified to by the State's witness, she was induced and entrapped into doing so by the enforcement officer in order that he might prosecute her for the offense which he had induced her to commit. The State's evidence shows only that the investigator gave her an opportunity to violate the law and that she freely embraced the opportunity. According to the defendant's evidence she was not present and did not participate in the sale. The question of entrapment, therefore, does not arise. The evidence is sufficient to go to the jury.

No error.