State v. Allen

---

STATE OF NORTH CAROLINA v. DONALD RAY ALLEN

No. 7515SC53

(Filed 7 May 1975)

1. **Constitutional Law § 31— identity of confidential informant**
     The trial court did not err in the denial of defendant's motion for disclosure of the identity of a confidential informant whose information led to a photographic identification of defendant by a robbery victim where there was no showing that disclosure of the informant's identity was necessary or even helpful in the preparation of his defense.

2. **Criminal Law § 66— in-court identification — photographic identification — confrontation at jail**
     Robbery victim's in-court identification of defendant was of independent origin and not tainted by a pretrial photographic identification or by a confrontation at the jail.

ON *Certiorari* to review the order of *Hall, Judge.* Judgment entered 13 December 1973, in Superior Court, ORANGE County. Heard in the Court of Appeals 20 March 1975.

Defendant was charged with armed robbery. Prior to plea, defendant moved for disclosure of the identity of the informant upon whose information Chapel Hill Police Officer Don Tripp investigated defendant as a suspect; Officer Tripp obtained a photograph of defendant which was submitted, along with nine other photographs, to the alleged victim for identification. The motion to disclose identity and the motion to suppress the identification testimony of the alleged victim were denied after a voir dire hearing.

At trial the State offered the testimony of June C. Merritt, which tended to show that in midafternoon defendant entered the office on Mr. Merritt's used car lot, hit him on the head and in the face several times, knocking him to the floor; defendant then stuck the gun in his face, threatened to kill him if he made a noise, demanded his money, grabbed his wallet which contained $780 and credit cards, and then left.

Defendant presented no evidence. The jury returned a verdict of guilty as charged. From the judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*Winston, Coleman and Bernholz by Barry T. Winston and Roger B. Bernholz for defendant appellant.*

CLARK, Judge.

[1] Defendant contended that the State should disclose the identity of the informant because it was essential to his defense of alibi. He offered no evidence at the voir dire hearing on his motions to disclose identity and to suppress the identification evidence. Neither did the defendant present evidence at trial. There is no showing that his defense was alibi or in what manner the disclosure of the identity of the informant would be necessary or even helpful to him in the preparation of his defense. We find no error in the denial of his motion to disclose the identity of the informer.

To protect the public interest, it is the general rule that the prosecution is privileged to withhold from an accused the

identity of an informant. There are certain exceptions and limitations, and the propriety of disclosure depends on the circumstances of the case. *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399 (1971). The burden is on the defendant to make a sufficient showing that the disclosure is needed for the preparation of his defense. *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957). Annot., 76 A.L.R. 2d 262 (1961).

[2] The victim testified on voir dire and at trial that he based his identification of defendant as the perpetrator on his close observation of him during daylight at the scene of the crime. There was no irregularity or unfairness in the procedure employed by the law officer in submitting the ten photographs to the victim for identification, and the trial court justifiably ruled that the in-court identification of defendant was not tainted by the confrontation at the jail after the photographic identification had been made.

We find that the defendant received a fair trial, free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.