STATE OF NORTH CAROLINA v. LARRY HARTMAN

No. 8027SC372

(Filed 7 October 1980)

1. **Constitutional Law § 53– 319 days between indictment and trial – delay caused by defendant – no denial of speedy trial**

   Defendant, who was tried 319 days after he was indicted, was not denied his right to a speedy trial under G.S. 15A-701, because, excluding 205 days consumed by defendant's continuances granted on the ground of lack of availability of an essential witness, he was tried within the 120 day limit of the statute. Moreover, defendant was not denied his right to a speedy trial under the Sixth Amendment to the U.S. Constitution, because 319 days was not a sufficient time, standing alone, to constitute unreasonable or prejudicial delay; most of the delay was caused by defendant's motions for continuance; defendant did not assert his right to a speedy trial prior to this appeal; and defendant showed no prejudice resulting from the delay.

2. **Criminal Law § 91.7– absence of witness – denial of continuance proper**

   The trial court did not err in denying defendant's motion for a continuance based on the absence from the trial of an allegedly essential witness, because two earlier orders had been entered by the court continuing the case to enable defendant to produce the witness; defendant had ample notice by virtue of the second order of continuance that no further continuances would be granted for the purpose of enabling him to produce the witness at trial; defendant nevertheless delayed subpoenaing the witness until too late for the sheriff to serve it in time for trial; and defendant succeeded in placing before the jury by his own testimony and that of two other witnesses evidence which the absent witness probably would have testified to.

3. **Criminal Law § 7– no entrapment as matter of law**

   The trial court did not err in failing to dismiss the case on the ground that the evidence disclosed entrapment as a matter of law, because the evidence indicated that an officer met defendant for the first time when the alleged offense occurred and the officer never told persons from whom he purchased drugs that he would help them find employment if they provided controlled substances for him, and the evidence therefore did not compel a finding that the criminal intent and design originated in the mind of one other than defendant.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 9 January 1980 in Superior Court, LINCOLN County. Heard in the Court of Appeals 9 September 1980.

Defendant was charged in a two count indictment with the felonious possession of the Schedule I controlled substance Lysergic Acid Diethylamide (hereinafter L.S.D.) with intent to sell and deliver it and with the sale and delivery of the same controlled substance on 2 February 1979. Defendant entered pleas of not guilty as to each count and received a trial by jury.

In summary, the evidence for the State tended to show that Detective Sergeant Larry Boyes of the Shelby Police Department was working undercover in Lincoln County buying narcotics when he met the defendant on 2 February 1979. The meeting took place in a driveway near defendant's residence at about 4:25 p.m. Defendant handed Boyes five light blue tablets wrapped in a piece of tissue paper. Boyes told defendant he wanted ten tablets if the price was still $3.00 "a hit." Defendant then produced five more blue tablets and Boyes handed defendant $30.00. Defendant stated, "I wished I could give you some slack on these but Donnie didn't give me a break, maybe next week I can do you better on them." On cross-examination Boyes testified that he was assisted by Gary Crouse who was paid for his information and for his assistance in putting Boyes in touch with people willing to sell drugs. Boyes stated that no promises had been made to the defendant by either himself or Crouse as far as he knew. Further evidence established that the tablets contained L.S.D.

Defendant offered testimony from his father that Boyes had earlier asked for the defendant, explaining, "I'm looking to give him a job." Defendant testified that he and Crouse had worked together at the same plant where defendant was paid $2.85 per hour. On the morning of the day in question, Crouse had told defendant that he knew a supervisor at Duke Power who could get the defendant a job which paid $6.00 per hour if defendant could supply some L.S.D. that afternoon. Defendant testified that he obtained some L.S.D. tablets and took them home. Crouse and Boyes appeared at defendant's home that afternoon at which time defendant sold the tablets to Boyes. On cross-examination defendant testified, "Mr. Boyes did not talk

to me about a job"; and he stated that Boyes never promised him anything and he never asked Boyes for a job. Defendant offered testimony from two other witnesses that they had met Boyes who had offered them jobs with Duke Power and who had asked them for dope. They testified that they had supplied dope to Boyes and criminal convictions had resulted from those transactions.

The jury found the defendant guilty of each charge. From a judgment sentencing defendant to serve concurrent four year sentences of imprisonment as a committed youthful offender, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Robert C. Powell, for defendant appellant.*

WHICHARD, Judge.

[1] In his first assignment of error defendant asserts that both his statutory right to a speedy trial under G.S. 15A-701 and his right to a speedy trial under the Sixth Amendment to the United States Constitution were violated. Defendant was indicted on 24 February 1979 and tried on 9 January 1980. He obtained two continuances during that time on the grounds that an essential witness was unavailable. In computing the elapsed time between indictment and trial, defendant's counsel has excluded the time consumed by his continuances and has concluded that defendant was tried within the required 120 days. He has asked this Court to review his calculations.

The North Carolina Speedy Trial Act provides in pertinent part:

(al) Notwithstanding the provisions of G.S. 15A-701(a) the trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1980, shall begin within the time limits specified below:

(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last . . . .

State v. Hartman

G.S. 15A-701(al) (1). Continuances allowed for the defendant on the basis of the absence of an essential witness are to be excluded in computing the 120 day period. G.S. 15A-701(b) (3).

Defendant obtained two continuances due to the absence of an essential witness: one on 28 March 1979 until the next session of Superior Court, which began on 14 May 1979; and another on 16 May 1979 "until the September term." We have taken judicial notice of the published calendar of sessions of superior court, as we are permitted to do. *State v. Anderson,* 228 N.C. 720, 724, 47 S.E. 2d 1, 4 (1948). We note that no September term was scheduled for Lincoln County. The case was set for trial during the next scheduled term after September, which began 22 October 1979; but it was not reached for various reasons until 9 January 1980. Of the approximately 319 days between the date of indictment and the date of trial, continuances granted for defendant on grounds of the lack of availability of an essential witness consumed approximately 205 days. When the time resulting from defendant's continuances is excluded from the calculation of the statutory period, it is clear that defendant was tried within 120 days and that there has been no violation of his statutory right to a speedy trial.

Defendant contends, nevertheless, that even if his statutory right to a speedy trial was not violated he was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. In considering defendant's contention we have, as he requested, applied the "balancing test" set forth in *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed. 2d 101, 92 S.Ct. 2182 (1972). The United States Supreme Court there identified four factors "which courts should assess in determining whether a particular defendant has been deprived of his right" to a speedy trial. They are (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker,* 407 U.S. at 530, 33 L.Ed. 2d at 117, 92 S.Ct. at 2192.

As to the length of delay, 319 days elapsed from the date of indictment to the date of trial. 319 days is not a sufficient time, standing alone, to constitute unreasonable or prejudicial delay.

As to the reason for the delay, most of the delay resulted from the granting of defendant's motions to continue the case

State v. Hartman

to enable him to find a missing witness, allegedly essential to his case. Delay occasioned by defendant's own motions, presumably made in his best interest, is entirely appropriate and can scarcely form the basis for his assertion of a denial of his constitutional right to a speedy trial. The additional delay, occasioned by the absence of criminal terms in Lincoln County, was well within tolerable constitutional limits.

As to defendant's assertion of his right, the United States Supreme Court noted that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker,* 407 U.S. at 532, 33 L.Ed. 2d at 118, 92 S.Ct. at 2193. The record in this case reveals no assertion by defendant of his right to a speedy trial prior to this appeal.

As to prejudice to the defendant, the record does not reveal nor does defendant's brief set forth any prejudicial results occasioned by the period of delay between the time of indictment and the time of trial.

In summary, we find no basis for concluding that defendant was denied his Sixth Amendment right to a speedy trial.

[2] In his second assignment of error, defendant asserts that the court erred in denying his motion for a continuance based on the absence from the trial of Gary Crouse, an allegedly essential witness. Orders had been entered by the trial court on 28 March 1979 and 16 May 1979 continuing the case to enable the defendant to produce Crouse as a witness. The order of 16 May 1979 specifically provided that "no further continuances shall be granted for the production of the person of Gary Crouse." The record indicates that the witness Crouse had been available at the scheduled times for trial on other occasions immediately preceding the date when trial actually occurred, but the case was not reached for trial on those occasions. A subpoena dated 2 January 1980 and filed 3 January 1980 was issued to secure the presence of the witness Crouse at trial. The sheriff's return states that the subpoena was received 8 January 1980, and that it was "not received in time to serve" for purposes of a trial to be conducted during the 7 January 1980 Session of Lincoln County Superior Court.

The defendant had ample notice by virtue of the order of 16 May 1979 that no further continuances would be granted for the purpose of enabling him to produce the witness Crouse at trial.

---

---

He nevertheless delayed subpoenaing the witness until the sheriff found the subpoena too late to serve in time for trial. Further, defendant testified at trial, without objection, to statements allegedly made by Crouse that Boyes would help defendant obtain employment with Duke Power if defendant would provide illegal drugs. Defendant also presented testimony from two additional witnesses regarding promises by Boyes and Crouse of employment opportunities if they would provide illegal drugs. It thus appears that defendant succeeded in placing before the jury, by his own testimony and that of two other witnesses, evidence regarding his encounter with Crouse; and it may be assumed that Crouse would not have added significantly to this testimony. *See State v. Tolley*, 290 N.C. 349, 357, 226 S.E. 2d 353, 361 (1976).

"A new trial will be awarded because of a denial of a motion for continuance only if the defendant shows that there was error in the denial and that the defendant was prejudiced thereby." *State v. Harrill*, 289 N.C. 186, 189, 221 S.E. 2d 325, 327-28, death penalty vacated, 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct. 3213 (1976). In view of the facts cited above, we find no error in the ruling denying the motion to continue and no prejudice to the defendant as a result of that ruling.

[3] The defendant has abandoned his third assignment of error asserting that the court erred in failing to dismiss the case at the close of the state's evidence on the grounds of entrapment appearing as a matter of law. He nevertheless asks this court to consider it.

> Ordinarily, if the evidence presents an issue of entrapment, it is a question of fact for the jury to determine. . . . The court can find entrapment as a matter of law only where the undisputed testimony and required inferences compel a finding that the defendant was lured by the officers into an action he was not predisposed to take.

*State v. Stanley*, 288 N.C. 19, 32, 215 S.E. 2d 589, 597 (1975), quoting from *State v. Campbell*, 110 N.H. 238, 265 A. 2d 11 (1970). The evidence presented during the state's case in chief indicated that Officer Boyes met the defendant for the first time when the alleged offense occurred, and that Boyes had not told either Crouse or other persons from whom he purchased drugs that he would help them find employment if they provided

controlled substances for him. The evidence, viewed in the light most favorable to the state, did not compel a finding that the criminal intent and design originated in the mind of one other than the defendant. Therefore, the court acted properly in denying defendant's motion to dismiss and allowing the issue of entrapment to go to the jury.

In his fourth assignment of error defendant requests that this court examine the trial court's instructions on the law of entrapment. We have done so, and we find no prejudicial error.

We find that the defendant had a trial free from prejudicial error.

No error.

Judges HEDRICK and HILL concur.