STATE OF NORTH CAROLINA v. BOBBY NEVILLE

No. 8015SC624

(Filed 2 December 1980)

**Criminal Law § 7— entrapment — defense not raised by evidence**

In a prosecution of defendant for possession with intent to sell and sale and delivery of LSD, the question of entrapment did not arise from defendant's evidence, since defendant denied committing the offenses, nor was the question of entrapment raised by the State's evidence.

Judge WELLS dissenting.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 1 February 1980 in Superior Court, ORANGE County. Heard in the Court of Appeals 6 November 1980.

Defendant was charged with possession with intent to sell and with sale and delivery of lysergic acid diethylamide (hereinafter "LSD"). He pled not guilty.

At trial, the State's evidence tended to show that James Boone, an undercover narcotics agent for the State Bureau of Investigation, and Donnie McAdoo, an informant working with Agent Boone, attempted to purchase drugs from the owner of the Disco Lounge in Chapel Hill, North Carolina, on 22 August 1979. Defendant interrupted them, stating that the lounge's owner could not provide them with drugs, but that he could. Defendant offered to take Agent Boone and McAdoo to get some LSD and cocaine. McAdoo, Boone and defendant then drove to an apartment in Chapel Hill in Boone's car. During this drive, defendant asked Boone twice if he was a police officer. Boone did not respond to defendant's questions. Defendant went into the apartment and returned to the car at which time he told Agent Boone that he could purchase 200 "hits" of LSD for $260.00. After Boone gave defendant the money, defendant went back into the apartment and returned to the car with two

strips of blue paper in a plastic bag. The paper was analyzed by a chemist for the State Bureau of Investigation and was found to contain LSD.

Defendant testified that on 22 August 1979 McAdoo approached him at the Disco Lounge and offered him $20.00 if defendant would help him "get even" with Boone who had been cheating him in prior drug dealings. McAdoo showed defendant a plastic bag containing the blue paper and said that he wanted to pretend to purchase LSD from defendant using Boone's money. Defendant agreed and rode with Boone and McAdoo to the apartment in Chapel Hill. Defendant talked with friends in the apartment for a few minutes. When he left the apartment, he waved to McAdoo to get out of the car and pretended to hand him something. They got back into the car with Boone and McAdoo handed him the plastic bag. Defendant was never paid the $20.00, never had the plastic bag in his possession and never intended to sell LSD.

The jury found the defendant guilty of both of the charged offenses. From judgments sentencing him to consecutive active prison terms, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell, for the State.*

*Charles E. Vickery, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

Defendant's sole assignment of error is the trial court's refusal to instruct the jury on the defense of entrapment. We hold that the trial court was correct in refusing to so instruct the jury because the evidence presented at trial was insufficient to raise the defense of entrapment.

"Entrapment is 'the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting a criminal prosecution against him.' (Citations omitted.)" *State v. Stanley*, 288 N.C. 19, 27, 215 S.E. 2d 589, 594 (1975).

> Whether the defendant was entitled to have the defense of entrapment submitted to the jury is to be determined by the evidence. Before a Trial Court can submit such a defense to the jury there must be some credible evidence tending to support the defendant's contention that he was

a victim of entrapment, as that term is known to the law. (Citations omitted.)

*State v. Burnett,* 242 N.C. 164, 173, 87 S.E. 2d 191, 197, 52 A.L.R. 2d 1181, 1190 (1955).

A majority of jurisdictions hold that entrapment is not available as a defense when the accused denies the essential elements of the offense. *See* Annot., 61 A.L.R. 2d 677 (1958). The rationale of the cases so holding is that the law will not countenance the inconsistency involved in combining a claim that defendant did not commit the offense and a claim that he was entrapped into the commission of the very offense which he denied committing. In the case *sub judice,* the defendant denied possessing the LSD, intending to sell the LSD and selling the LSD. The question of entrapment, therefore, does not arise from the defendant's evidence in the case at bar. *See State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed,* 402 U.S. 1006, 29 L. Ed. 2d 428, 91 S. Ct. 2199 (1971); *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957).

Although the defendant has the burden of proving his defense of entrapment to the satisfaction of the jury, the question of entrapment may be raised by the State's evidence. *State v. Braun,* 31 N.C. App. 101, 228 S.E. 2d 466, *appeal dismissed,* 291 N.C. 449, 230 S.E. 2d 766 (1976). The question of entrapment does not arise from the State's evidence in the case at bar. Our Supreme Court has stated:

The defense of entrapment consists of two elements: (1) acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, (2) when the criminal design originated in the minds of the government officials, rather than with the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities. (Citations omitted.) In the absence of evidence tending to show *both* inducement by govenment agents *and* that the intention to commit the crime originated not in the mind of the defendant, but with the law enforcement officers, the question of entrapment has not been sufficiently raised to permit its submission to the jury. (Citations omitted.)

*State v. Walker,* 295 N.C. 510, 513, 246 S.E. 2d 748, 749-50 (1978).

In the case at bar, there was no evidence from which the jury could have inferred that the intent to commit the crime originated in the minds of Agent Boone or McAdoo rather than in the mind of the defendant.

In our opinion defendant received a fair trial, free from prejudicial error.

No error.

Judge VAUGHN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

I believe the case *sub judice* must be distinguished on the facts from *State v. Boles*, 246 N.C. 83, 97 S.E. 2d 476 (1957) and *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed*, 402 U.S. 1006, 91 S.Ct. 2199, 29 L. Ed. 2d 428 (1971), relied on by the majority. In *Boles*, defendant's evidence was to the effect that *she was not present* and did not participate in the sale (of intoxicating liquor); and in *Swaney*, defendant's evidence was to the effect that *he knew nothing about the robbery* and did not participate. Here, defendant does not contest his presence while the unlawful transactions were accomplished, but argues that his presence at the scene of the crime — and hence his exposure to a finding of involvement — was due to entrapment. I see no fundamental inconsistency in this evidence such as to deny defendant the right to have the issue of entrapment submitted to the jury.

In my opinion, defendant is entitled to a new trial.