STATE OF NORTH CAROLINA v. BOBBY NEVILLE

No. 32

(Filed 7 April 1981)

**Criminal Law § 7— entrapment — denial of acts underlying offense charged**
    Where a defendant denies the commission of the acts underlying the offense charged, he cannot raise the inconsistent defense of entrapment.

ON appeal from the decision of the Court of Appeals, ____ N.C. App. ____, 272 S.E. 2d 164 (1980), finding no error in the judgment

of *Brewer, J.*, entered 1 February 1980 in ORANGE County Superior Court.

Defendant was charged in indictments, proper in form, with possession with intent to sell, and with selling, lysergic acid diethylamide (hereinafter referred to as LSD). He entered a plea of not guilty to each charge.

Evidence for the State tended to show that James Boone, Special Agent for the State Bureau of Investigation, was on special undercover assignment in August 1979 in Chapel Hill, North Carolina. While there, he worked closely with an informant, Donnie McAdoo. Boone testified that on 22 August 1979, he and McAdoo attempted to purchase drugs from the owner of the Disco Lounge. Defendant entered the lounge and interrupted the conversation to say that he could obtain LSD and cocaine for the men. Shortly thereafter, Boone, McAdoo, and defendant drove to an apartment on Broad Street where defendant left the car, went inside, and returned a few minutes later. Defendant told Boone that "200 hits of LSD" would cost $260. Boone paid the money and defendant again went inside the apartment. He returned shortly with two strips of blue paper in a plastic bag and handed them to Boone.

Thomas H. McSwain, an expert in the field of forensic chemistry employed by the State Bureau of Investigation, testified that the plastic bag contained "substance Lysergic Acid Diethylamide."

Defendant presented evidence and testified in his own behalf. He testified that he was present at the Disco Lounge on 22 August and that McAdoo approached him and asked if he was interested in making twenty dollars. McAdoo explained that his partner, Boone, had cheated him, and "he planned to cheat Boone in order to get even." McAdoo told defendant to "pretend that he, McAdoo, was getting the drugs from [defendant]." According to defendant, the three of them drove to the Broad Street apartment, and defendant went inside. When he returned, "McAdoo got out of the car and pretended that I had given him drugs. Then he got back into the car and handed the plastic bag to Boone. I never gave McAdoo anything. He had the plastic bag containing the blue strips of paper before he left the club. It was never in my possession."

The jury returned verdicts of guilty on both charges. Defendant was sentenced to three to four years' imprisonment on the

conviction of possession and to four years' imprisonment on the conviction of selling LSD. The Court of Appeals, in an opinion by Judge Martin (Robert M.), Judge Vaughn concurring, found no error in defendant's trial. Judge Wells dissented. Defendant appealed to this Court pursuant to G.S. 7A-30 (2).

*Rufus L. Edmisten, Attorney General, by Ralf F. Haskell, Assistant Attorney General, for the State.*

*Charles E. Vickery for defendant.*

BRANCH, Chief Justice.

Defendant's sole assignment of error is to the failure of the trial court to give an instruction on the defense of entrapment. He admits that he denied possessing LSD and concedes that North Carolina follows the majority rule which precludes the assertion of the defense of entrapment when the defendant denies one of the essential elements of the offense charged. *See State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399 (1971) (subsequent history omitted); *State v. Boles*, 246 N.C. 83, 97 S.E. 2d 476 (1957); Annot., 61 A.L.R. 2d 677 (1958). He further recognizes that the rationale of that rule "is that the law will not countenance a claim that defendant did not commit the offense and a claim that he was entrapped into the commission of the very offense which he denied committing." *State v. Neville*, ___ N.C. App. at ___, 272 S.E. 2d at 166. Nevertheless, defendant contends that the defenses upon which he relies are not inconsistent. He asserts that he does not deny *participating* in a scheme intended to look like he was selling drugs to informant McAdoo. The defense which he put before the jury and which the jury rejected was that he *pretended* to possess and sell the LSD. At the same time, however, he specifically denied actually possessing LSD or selling it to McAdoo or to Boone. His defense is that he did not *do the acts* underlying the offenses charged; yet he seeks an instruction that he was induced and entrapped by the government to do those acts. In our opinion, it is inconsistent for defendant to assert on the one hand that he did not do certain acts and then to insist that the government induced him to do the very acts which he disavows doing.

Defendant relies on the case of *Henderson v. United States*, 237 F. 2d 169 (5th Cir. 1956), to support his contention. However, we do not find that case to be controlling. The defendant in *Henderson* was charged with conspiring illegally to distill whiskey. The defendant

admitted his acts in operating the illegal distillery but denied that he was a party to a conspiracy. The court allowed him to assert his defense of entrapment, even in view of his denial of the offense charged, stating that the two defenses were not so repugnant that "the proof of the one necessarily disproves the other." The court noted the general rule and its rationale but held that under the circumstances of that particular case the defendant should be permitted to say, "I did not go so far as to become a party to the conspiracy, but to the extent that I did travel down the road to crime, I was entrapped.'" 237 F. 2d at 173. The defendant in *Henderson* admitted committing illegal offenses, and insofar as the commission of those acts is concerned, he could have been entrapped. Defendant in the case at bar, however, admits no illegal acts whatsoever. He plainly denies ever possessing or selling LSD. The defense of entrapment presupposes the existence of the acts constituting the offense. *Zamora v. State*, 508 S.W. 2d 819 (Tex. Crim. App. 1974); 21 Am. Jur. 2d, "Criminal Law" §144 (1965). Where a defendant claims he has not done an act, he cannot also claim that the government induced him to do that act.

We are not inadvertent to the cases which apparently allow a defendant to raise an entrapment defense even while denying the commission of the offenses charged. Our review of these cases, however, reveals that they deal with the situation where either the State's own evidence raises an inference of entrapment, *State v. Knight*, 230 S.E. 2d 732 (W.Va. 1976), or the defendant denies the intent required for the commission of the offense. *United States v. Demma*, 523 F. 2d 981 (9th Cir. 1975). In the former instance, the submission of the defense is obviously proper; in the latter instance, the entrapment defense is not inconsistent with the defense of lack of mental state since the defense of entrapment itself is an assertion that it was the will of the government, and not of the defendant, which spawned the commission of the offense. *McCarroll v. State*, 294 Ala. 87, 312 So. 2d 382 (1975). In the instant case, the State's evidence raises no inference of entrapment, and defendant here has denied doing any *acts* which were elements of the offense charged. Our research has not disclosed a single case in which a defendant denies doing the *acts* charged and simultaneously claims that the government made him do those very acts. We therefore hold that where, as here, the defendant denies the commission of the acts underlying the offense charged, he cannot raise the inconsistent defense of entrapment. The decision of the Court of Appeals finding

no error in defendant's trial is

   Affirmed.