STATE OF NORTH CAROLINA v. DALLAS STEELE, JR.

No. 8626SC1264

(Filed 21 July 1987)

**1. Constitutional Law § 67— drug user accompanying undercover officer — revealing of identity not required**

The State was not required to reveal the identity of the drug user who accompanied an undercover officer when he allegedly purchased drugs from defendant, since the undisclosed person was not an informant, but a "cool face" used by police to make it appear that the drug buyer was "safe"; moreover, there was no indication whatever that defendant could have defended the case more effectively had he known who the "cool face" was.

**2. Criminal Law § 80.2— SBI agent's notes — no inspection by defendant — no prejudicial error**

Defendant failed to show prejudicial error in the trial court's refusal to permit defendant to inspect the notes of an SBI agent after a police officer reviewed the notes and then testified, since the police officer neither made nor adopted the notes but only used them to refresh his memory as to the times involved, which was not a critical factor in the State's case; moreover, defendant failed to include the notes in the record and so failed to show that the court abused its discretion. N.C.G.S. § 8C-1, Rule 612.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 24 July 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 May 1987.

Defendant was convicted by a jury of felonious possession of cocaine with the intent to sell and deliver it and of felonious sale and delivery of it, in violation of G.S. 90-95. He cites as prejudicial error only the trial judge's denial of his motions to require the State to reveal the identity of a person that witnessed the alleged transaction and to permit him to examine the notes a witness who testified against him used to refresh his memory. The evidence pertinent to these contentions, all by the State, tended to show the following:

On the morning of 8 December 1985 Charlotte police officers Henderson and Kearney had a meeting at which Kearney introduced Henderson to a person known to Kearney as a drug user who would assist Henderson in purchasing illegal drugs on the streets of Charlotte. In police parlance a person known to have used drugs who accompanies the police in making undercover drug purchases is known as a "cool face." Following the meeting,

Officer Henderson, dressed in civilian clothes and accompanied by the reputed drug user, drove his unmarked police car to a public parking lot in a Charlotte neighborhood where drug traffic had been reported. During the same period Kearney, accompanied by SBI Agent Bowman, stationed his car where they could see the parking lot involved. After entering the parking lot Henderson pulled his car alongside a brown Ford Granada occupied by two black males and expressed an interest in purchasing cocaine. The driver of the Ford, after saying that he could get some cocaine, drove away and returned about two minutes later with .310 grams of white powder containing cocaine, which he gave to Henderson for $50. After paying for the cocaine Henderson drove away, met with Kearney and SBI Agent Bowman, who had observed the entire transaction from about 100 yards away, and gave Kearney the cocaine for safekeeping. Henderson also wrote a note describing the transaction, in which no mention was made of the reputed drug user. Several weeks later when defendant was arrested Officer Henderson identified him as the cocaine vendor. The reputed "cool face" who accompanied Henderson and witnessed the transaction neither testified nor assisted in the identification of defendant. SBI Agent Bowman made notes about the transaction that she and Kearney observed and before testifying Kearney reviewed those notes in order to refresh his memory as to "the time in which we observed Officer Henderson."

Attorney General Thornburg, by Assistant Attorney General Wilson Hayman, for the State.

Public Defender Day, by Assistant Public Defender Susan J. Weigand, for defendant appellant.

PHILLIPS, Judge.

[1]  In arguing that the trial judge should have required the State to reveal the identity of the drug user who accompanied Officer Henderson, defendant characterizes that person as an "informant" whose knowledge was crucial to Henderson's ability to identify the seller of the cocaine. But all the evidence tends to show that the undisclosed person was not an "informant," but a "cool face" used by the police to make it appear that the buyer was "safe." According to the voir dire and other testimony of the officers the "cool face" neither provided information about defend-

ant's drug selling activities, nor directed them to the place where the drug purchase was made, nor assisted in the identification of the defendant later. But even if the ruling was error, it was not prejudicial error, because there is no indication whatever that defendant could have defended the case more effectively if he had known who the "cool face" was, *see State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Boles*, 246 N.C. 83, 97 S.E. 2d 476 (1957), and the contention is therefore overruled.

[2]   Nor do we see any prejudicial error in the court's refusal to permit defendant to inspect the notes of SBI Agent Bowman after Officer Kearney testified. First, G.S. 15A-903(f) does not apply to his motion, as defendant argues, because according to the evidence Kearney neither made nor adopted the notes, as that rule requires, but only used them to refresh his memory as to the times involved, which was not a critical factor in the State's case. The only critical factor in the case was Henderson's identification of the defendant and since Bowman was 100 yards away when Henderson allegedly saw the defendant and did not participate in the identification, it seems unlikely that her notes were material to that issue. Under the circumstances defendant's access to the notes was governed by Rule 612, N.C. Evidence Code, which authorizes the court in its *discretion* to permit an adverse party to examine writings used by a witness to refresh his memory before testifying. But since the notes are not in the record we have no basis for concluding either that they would have materially benefited defendant or that the court abused its discretion in not permitting defendant to examine them.

No error.

Judges COZORT and GREENE concur.