IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-435

 Filed: 3 March 2020

Onslow County, No. 15-CRS-54613

STATE OF NORTH CAROLINA,

 v.

CHARLES EDGAR PRATT, Defendant.

 Appeal by Defendant from judgments entered 2 May 2018 and 4 May 2018 by

Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of

Appeals 22 January 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Matthew L.
 Liles, for the State.

 Ward, Smith & Norris, P.A., by Kirby H. Smith, III, for Defendant-Appellant.

 COLLINS, Judge.

 Defendant Charles Edgar Pratt appeals from: (1) the 2 May 2018 criminal

judgment entered upon his convictions for (a) trafficking in opium by transport,

(b) trafficking in opium by possession, and (c) possession with intent to sell and/or

deliver methadone; and (2) the 4 May 2018 civil judgment ordering that Defendant

pay attorney’s fees in connection with his defense. Defendant contends that the trial

court erred by: (1) entering the criminal judgment after denying Defendant’s request

that the trial court instruct the jury on the affirmative defense of entrapment; and
 STATE V. PRATT

 Opinion of the Court

(2) entering the civil judgment without giving Defendant notice and an opportunity

to be heard on the attorney’s fees. We affirm in part and vacate and remand in part.

 I. Background

 Defendant was arrested on 7 August 2015 by the Onslow County Sheriff’s

Office on suspicion of drug trafficking. On 14 February 2017, Defendant was indicted

by an Onslow County grand jury on the following charges: (1) trafficking in more than

four but less than 14 grams of opium by manufacturing, in violation of N.C. Gen. Stat.

§ 90-95(h)(4); (2) trafficking in more than four but less than 14 grams of opium by

transport, in violation of N.C. Gen. Stat. § 90-95(h)(4); (3) trafficking in more than

four but less than 14 grams of opium by possession, in violation of N.C. Gen. Stat.

§ 90-95(h)(4); and (4) possession with intent to sell and deliver methadone, in

violation of N.C. Gen. Stat. § 90-95(a)(1). Defendant pled not guilty on all counts, and

gave notice that he would seek to assert the affirmative defense of entrapment.

 The matter came on for trial on 30 April 2018. At the close of State’s evidence,

Defendant moved to dismiss the trafficking by manufacturing count, which the State

joined and the trial court allowed. At the charge conference, Defendant requested

that the jury be instructed on entrapment, and the State objected. The trial court

denied Defendant’s request, stating that Defendant “failed to show that he was not

otherwise willing to” commit the crimes with which he was charged.

 -2-
 STATE V. PRATT

 Opinion of the Court

 On 2 May 2018, Defendant was convicted on the trafficking by transport,

trafficking by possession, and possession with intent to sell and/or1 deliver counts.

The trial court entered judgment upon the convictions the same day, and sentenced

Defendant to 70 to 93 months’ imprisonment. The trial court also imposed court costs

and fines of $51,072.50 and stated that Defendant would be required to reimburse

the State for the costs of his defense “in an amount to be determined[,]” which the

trial court ordered Defendant’s trial counsel to calculate and submit an application

for the next day. Defendant gave notice of appeal in open court.

 Defendant’s trial counsel filed a fee application with the trial court later that

day, and on 4 May 2018, the trial court entered a civil judgment against Defendant

for $3,300 of attorney’s fees.

 II. Appellate Jurisdiction

 Defendant’s oral notice of appeal in open court was sufficient to invoke this

Court’s jurisdiction to review the criminal judgment entered against him. N.C. Gen.

Stat. § 7A-27(b)(1) (2018); N.C. R. App. P. 4(a)(1).

 1 Although Defendant was indicted for “possess[ion] with the intent to sell and deliver”
methadone, and was thereafter convicted of “POSSESSION WITH INTENT TO SELL AND/OR
DELIVER METHADONE” (emphases added), this Court has said that such convictions are proper.
See State v. Mercer, 89 N.C. App. 714, 715-16, 367 S.E.2d 9, 10-11 (1988) (“It is proper for a jury to
return a verdict of possession with intent to sell or deliver under [N.C. Gen. Stat. §] 90-95(a)(1). Such
a verdict is no less proper when the indictment charges possession with intent to sell and deliver since
the conjunctive ‘and’ is acceptable to specify the exact bases for the charge.” (citations omitted)).

 -3-
 STATE V. PRATT

 Opinion of the Court

 Defendant did not file a written notice of appeal from the civil judgment

against him. However, Defendant has filed a petition for a writ of certiorari with this

Court asking that we review the civil judgment, and we exercise our authority under

North Carolina Rule of Appellate Procedure 21 to grant Defendant’s petition and

review that judgment as well.2

 III. Discussion

 Defendant contends that the trial court erred by (1) denying Defendant’s

request for an entrapment instruction and (2) entering the civil judgment without

giving Defendant an opportunity to be heard on the attorney’s fees. We address each

argument in turn.

 A. Criminal Judgment/Entrapment Instruction

 Our Supreme Court has said:
 Whether the defendant was entitled to have the defense of
 entrapment submitted to the jury is to be determined by
 the evidence. Before a Trial Court can submit such a
 defense to the jury there must be some credible evidence
 tending to support the defendant’s contention that he was
 a victim of entrapment, as that term is known to the law.

 The defense of entrapment consists of two elements:

 (1) acts of persuasion, trickery or fraud carried out
 by law enforcement officers or their agents to induce
 a defendant to commit a crime[; and]

 2 The State filed a motion to dismiss Defendant’s appeal from the civil judgment based upon
Defendant’s failure to timely file written notice appeal therefrom. Because we grant Defendant’s
petition for a writ of certiorari and will review the civil judgment, we deny the State’s motion to
dismiss.

 -4-
 STATE V. PRATT

 Opinion of the Court

 (2) [that] the criminal design originated in the minds
 of the government officials, rather than with the
 innocent defendant, such that the crime is the
 product of the creative activity of the law
 enforcement authorities.

 In the absence of evidence tending to show both
 inducement by government agents and that the intention
 to commit the crime originated not in the mind of the
 defendant, but with the law enforcement officers, the
 question of entrapment has not been sufficiently raised to
 permit its submission to the jury.

State v. Walker, 295 N.C. 510, 513, 246 S.E.2d 748, 749-50 (1978) (internal quotation

marks and citations omitted).

 While the burden is on the defendant to “first present credible evidence tending

to support a defense of entrapment before a trial court may submit the question to a

jury[,]” State v. Thompson, 141 N.C. App. 698, 706, 543 S.E.2d 160, 165 (2001), where

“the State’s own evidence raises an inference of entrapment . . . the submission of the

defense is obviously proper[.]” State v. Neville, 302 N.C. 623, 626, 276 S.E.2d 373,

375 (1981). “If defendant’s evidence creates an issue of fact as to entrapment, then

the jury must be instructed on the defense of entrapment.” State v. Branham, 153

N.C. App. 91, 100, 569 S.E.2d 24, 29 (2002) (emphasis added). “Whether the evidence,

taken in the light most favorable to the defendant, is sufficient to require the trial

court to instruct on a defense of entrapment is an issue of law that is determined by

 -5-
 STATE V. PRATT

 Opinion of the Court

an appellate court de novo.” State v. Ott, 236 N.C. App. 648, 651, 763 S.E.2d 530, 532

(2014).

 When viewed in the light most favorable to Defendant, the record contains

credible evidence tending to show that Defendant was persuaded by Jason Ford, a

confidential informant working with the Onslow County Sheriff’s Office, to commit

the crimes for which Defendant was tried and convicted. The State conceded at the

charge conference that Ford acted as a confidential informant for the State and, as

discussed more fully below, Defendant testified that Ford encouraged Defendant to

obtain methadone and exchange it for assistance with repairing the roof of

Defendant’s house. Accordingly, we conclude that Defendant met his burden of

showing the first element of entrapment, i.e., “acts of persuasion, trickery or fraud

carried out by law enforcement officers or their agents to induce a defendant to

commit a crime[.]” Walker, 295 N.C. at 513, 246 S.E2d at 749-50.

 However, our Supreme Court has made clear that a showing of such

persuasion is insufficient standing alone to entitle a defendant to an entrapment

instruction:

 The defense of entrapment is available when there are acts
 of persuasion, trickery or fraud carried out by law
 enforcement officers or their agents to induce a defendant
 to commit a crime and when the origin of the criminal
 intent lies with the law enforcement agencies. We note that
 this is a two step test and a showing of trickery, fraud or
 deception by law enforcement officers alone will not support
 a claim of entrapment. The defendant must show that the

 -6-
 STATE V. PRATT

 Opinion of the Court

 trickery, fraud or deception was practiced upon one who
 entertained no prior criminal intent.

State v. Hageman, 307 N.C. 1, 28, 296 S.E.2d 433, 449 (1982) (emphasis added)

(internal quotation marks and citations omitted). Put another way, “[t]he defense is

not available to a defendant who was predisposed to commit the crime charged absent

the inducement of law enforcement officials.” Thompson, 141 N.C. App. at 706, 543

S.E.2d at 165. “Predisposition may be shown by a defendant’s ready compliance,

acquiescence in, or willingness to cooperate in the criminal plan where the police

merely afford the defendant an opportunity to commit the crime.” Hageman, 307

N.C.at 31, 296 S.E.2d at 450.

 Defendant’s own testimony establishes that: (1) the criminal opportunity—

that Defendant would obtain methadone and exchange it for assistance repairing the

roof of his house—originated with a third party who is not alleged to have been

working for or affiliated with the State; (2) Defendant told Ford about the

opportunity; and (3) Ford thereafter encouraged Defendant to take advantage of the

opportunity and offered to help facilitate.

 At trial, Defendant testified as follows:

 Q. Go back to where it all started, and tell the Court about
 that.
 A. Month earlier, I had an opportunity -- well, messed up
 opportunity -- but I had an opportunity through a
 buddy of my nephew’s to do some work for some
 methadones.
 Q. And when you say “to do some work for some

 -7-
 STATE V. PRATT

 Opinion of the Court

 methadones,” are you saying that you were going to do
 work for methadones, or someone else was?
 A. Someone else was.
 Q. Okay. And what was the work?
 A. Frame my roof in, and do my roof.

Soon thereafter, during a colloquy with the trial court, Defendant said that “Mr. Ford

is my buddy, or was my friend[,]” and not merely a “buddy of [Defendant’s] nephew’s.”

And regarding Ford’s involvement in the drugs-for-work “opportunity[,]” Defendant

testified as follows:

 Q. Okay. Was Mr. Pratt -- or, sorry -- was Mr. Ford aware
 of this?
 A. He should have been. He -- he did -- yes, he was.
 Q. All right. Did you and Mr. Ford ever have conversations
 about getting the roof done if you paid the methodones [sic]
 --
 A. Yeah.
 Q. -- or words to that effect?
 A. He offered to help me, five methadones, telling me
 that it would be a good deal. He’d have his -- some of
 his -- he’d ask some of his friends to get some
 methadones and everything, and he’d help me get
 the amount that I needed so I could do that roof.

Defendant’s own testimony therefore indicates that it was an unidentified third

party—a “buddy of [Defendant’s] nephew’s[,]” rather than Ford, who Defendant

testified was his own friend—who proposed the drugs-for-work “opportunity” that

was the genesis of the drug deal that ultimately led to Defendant’s convictions, and

 -8-
 STATE V. PRATT

 Opinion of the Court

that Ford merely “offered to help” facilitate the “opportunity” and opined that it was

“a good deal[.]”

 Our Supreme Court has made clear that a law-enforcement officer or agent

does not entrap a defendant by offering to help facilitate a criminal scheme that the

defendant already has in place. See Hageman, 307 N.C. at 29-30, 296 S.E.2d at 449

(“It is well settled that the defense of entrapment is not available to a defendant who

has a predisposition to commit the crime independent of governmental inducement

and influence. The fact that governmental officials merely afford opportunities or

facilities for the commission of the offense is, standing alone, not enough to give rise

to the defense of entrapment.”). Indeed, the Court has stated that the second element

of entrapment is concerned with whether “the crime is the product of the creative

activity of the law enforcement authorities.” Walker, 295 N.C. at 513, 246 S.E.2d at

750; see also Hageman, 307 N.C. at 28, 296 S.E.2d at 449 (entrapment defense only

available “when the origin of the criminal intent lies with the law enforcement

agencies”). As the criminal scheme in this case originated between Defendant and a

third party, and the State’s agent merely offered to assist in seeing that scheme

realized, the crime was not the product of the creative activity of law enforcement.

 Defendant urges in his brief on appeal that “it was Jason Ford’s idea for

[Defendant] to use methadone to pay for his roof being repaired[,]” because Ford

“offered to help [Defendant] fix his roof in exchange for ‘five methadones.’” But

 -9-
 STATE V. PRATT

 Opinion of the Court

Defendant’s position both lacks evidentiary support and contradicts his position

below. First, Defendant’s testimony that Ford “offered to help” him to take advantage

of the “opportunity” to have his nephew’s friend fix his roof negates the idea that Ford

came up with the criminal scheme; plainly, one offers to “help” with a task that has

already been conceived. And second, Defendant’s characterization impermissibly

contradicts his trial counsel’s arguments at the charge conference that the drugs-for-

work “opportunity” did not originate with Ford, who “heard this idea from someone

else.”3 See Weil v. Herring, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (“the law does not

permit parties to swap horses between courts in order to get a better mount”).

 Accordingly, the record demonstrates that Ford “merely afford[ed] the

defendant an opportunity to commit the crime[s,]” which Defendant was predisposed

to commit. Hageman, 307 N.C. at 31, 296 S.E.2d at 450. Our conclusion that

Defendant was predisposed to commit the trafficking and possession offenses is

buttressed by Defendant’s testimony that he (1) sold Ford methadone one month prior

to his arrest in this case and (2) set up the drug deal that led to his arrest entirely

independently of Ford or any other agent of the State.

 Because, in the light most favorable to Defendant, the record demonstrates

that (1) neither the drugs-for-work “opportunity” nor the drug deal that Defendant

 3 At the charge conference, Defendant’s trial counsel argued that Ford “heard that idea and
also encouraged [Defendant] to do it,” which in Defendant’s trial counsel’s understanding meant that
the trial court “can strike out the first person”—i.e., the person who originated the criminal plan—for
purposes of analyzing the second element of entrapment.

 - 10 -
 STATE V. PRATT

 Opinion of the Court

pursued to take advantage thereof originated with Ford or any other agent of the

State and (2) Defendant himself brought the criminal opportunity to Ford’s attention,

we conclude that Defendant has failed to demonstrate that “the origin of the criminal

intent lies with the law enforcement agencies” and that he “entertained no prior

criminal intent” for purposes of showing the second element of entrapment. Id. at 28,

296 S.E.2d at 449 (internal quotation marks, emphasis, and citation omitted). We

accordingly conclude that Defendant was not entitled to an entrapment instruction,

and that the trial court did not err by denying Defendant’s request for the same.

 B. Civil Judgment/Opportunity To Be Heard

 N.C. Gen. Stat. § 7A-455 allows the trial court to enter a civil judgment against

a convicted indigent defendant for attorney’s fees and costs. Before a judgment

imposing attorney’s fees may be entered against him, an indigent criminal defendant

must be given notice and an opportunity to be heard thereupon. State v. Jacobs, 172

N.C. App. 220, 235-36, 616 S.E.2d 306, 316-17 (2005) (vacating civil judgment for

attorney’s fees because “there is no indication in the record that defendant was

notified of and given an opportunity to be heard regarding the appointed attorney’s

total hours or the total amount of fees imposed”).

 Defendant argues that he was not given an opportunity to be heard regarding

the attorney’s fees contemplated within the civil judgment entered against him, and

the State concedes in its brief that, if we grant Defendant’s petition for a writ of

 - 11 -
 STATE V. PRATT

 Opinion of the Court

certiorari and reach the civil judgment as we have, the trial court’s failure to provide

Defendant with an opportunity to be heard before the civil judgment was entered was

error. We agree with the parties that the civil judgment must accordingly be set

aside.

 IV. Conclusion

 Because we conclude that Defendant failed to make the requisite showing to

be entitled to an instruction on the affirmative defense of entrapment, we discern no

error in the criminal judgment, and affirm it. Because Defendant was not given an

opportunity to be heard before the trial court entered the civil judgment against him,

we vacate the civil judgment and remand to the trial court for a new hearing on

attorney’s fees.

 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

 Judges ARROWOOD and HAMPSON concur.

 - 12 -