State v. Hendrix

---

STATE OF NORTH CAROLINA v. GARY CARSON HENDRIX

No. 7325SC440

(Filed 25 July 1973)

1. Narcotics § 3— identification of bag of marijuana — sufficiency for admission

In a prosecution for distribution of marijuana the trial court did not err in admitting into evidence a bag of marijuana allegedly bought from defendant where there was sufficient evidence identifying the marijuana as the very same item sold by defendant.

2. Criminal Law § 7— defense of entrapment — insufficient evidence

Where the evidence indicated that an undercover agent for the police went to defendant's residence and asked him if he had any marijuana for sale and defendant produced a bag which he represented to contain marijuana and which bag defendant sold to the agent for

$10, the defense of entrapment could not prevail, since the agent did nothing more than afford defendant an opportunity to commit the offense.

APPEAL by defendant from *Falls, Judge*, 1 January 1973 Session of Superior Court held in CALDWELL County.

Defendant was convicted of distributing a controlled substance, marijuana, in violation of G.S. 90-95(a)(1) and was sentenced to five years imprisonment.

The State's evidence tended to show that on 5 June 1972 defendant sold one ounce of marijuana to an undercover agent of the City of Lenoir Police Department. The purchase was made at defendant's home and the marijuana was obtained by defendant from a gutter on defendant's house. The agent labeled the package of marijuana by noting the contents of the bag, the time, place, and date of the purchase and by placing his initials on a tag which he taped to the bag. The labeled bag was delivered to Police Captain Triplett who added his personal identifying code to the bag, conducted a "field test" of the contents and sent it to the State Bureau of Investigation Laboratory for identification. Upon its arrival at the laboratory, the bag was given a file number and the initials of the examining chemist were added to the package. The contents of the bag were identified as marijuana. The chemist resealed the bag and returned it to Triplett.

Defendant did not offer any evidence.

*Attorney General Robert Morgan by Russell G. Sherrill III, Associate Attorney, for the State.*

*Carpenter & Bost, P.A., by John F. Bost III, for defendant appellant.*

VAUGHN, Judge.

[1] The only assignment of error is that State's Exhibit No. 1, the bag of marijuana purchased from defendant by the undercover agent, was admitted into evidence over the general objection of defendant. Defendant now argues that it was inadmissible because there was insufficient evidence identifying the exhibit as the same item sold by defendant. Defendant asserts that the manner of handling the bag by both the undercover agent and Triplett raises the possibility that the exhibit was improperly identified.

State v. Hendrix

The agent testified without objection that he purchased marijuana from defendant and placed it in his pocket. A few minutes later the agent purchased mescaline from another individual at the defendant's residence. The second purchase was placed in a pocket different from the pocket containing the marijuana and, approximately twenty minutes after the two purchases were made, the agent placed identifying tags on each purchase. On cross-examination the agent testified that he did not remember in which pocket the respective purchases had been placed but that they had not been put together into the same pocket. The identification of the packages as containing, on the one hand, marijuana, a green vegetable material, and, on the other, mescaline, a crystalline alkaloid, is sufficient to distinguish the packages and support the agent's identification of the bag sold by defendant. The agent then delivered the package of marijuana to Captain Triplett. Triplett testified that he placed his initials on the back of the white tag which was taped to the bag when he received it. He later placed the bag and this tag inside an outer plastic bag which he sealed with the use of a heat-sealing apparatus. Then the officer testified, "[a]fter having sealed it up, I put a white label with my identifying numbers on it . . ." and he stated the code used. The evidence is sufficient to support admissibility of the exhibit. Discrepancies and contradictions in the evidence are for the jury to resolve.

[2] Defendant also argues that the evidence was illegally obtained by means of entrapment. The record fails to show that the police's agent procured, induced or incited defendant to commit a crime which defendant would otherwise not commit but for the persuasion, encouragement, inducement and importunity of the agent. *State v. Caldwell,* 249 N.C. 56, 105 S.E. 2d 189. Where the evidence indicates that an undercover agent for the police went to defendant's residence and asked him if he had any marijuana for sale and defendant produced a bag which he represented to contain marijuana and which was later analyzed as marijuana and which bag defendant sold to the agent for $10.00, the defense of entrapment will not prevail since the agent did nothing more than afford defendant an opportunity to commit the offense.

No error.

Judges BRITT and HEDRICK concur.