STATE OF NORTH CAROLINA v. ANTHONY STANBACK

No. 7818SC617

(Filed 12 September 1973)

1. Narcotics § 4— possession and distribution of marijuana — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issues of defendant's guilt of possession of marijuana with intent to distribute and distribution of marijuana where it tended to show that defendant had promised to sell marijuana to a State's witness, that defendant and the witness drove together from defendant's apartment to another apartment, that the witness gave defendant $20 for an ounce of marijuana, that defendant entered the apartment and returned with a plastic bag of vegetable matter which he gave the witness, and that the vegetable matter was analyzed and determined to be marijuana.

2. Criminal Law § 7— entrapment — giving defendant opportunity to commit crime

The trial court did not err in failing to charge the jury on entrapment in a prosecution for possession and distribution of marijuana where the evidence tended to show that an undercover agent of the police department went to defendant's apartment seeking to buy marijuana which defendant had promised to sell him the previous day, that the agent gave defendant $20 for an ounce of marijuana, and that the officer and defendant rode together to another apartment where defendant obtained marijuana which he gave to the agent, since the evidence shows that the police did nothing more than afford defendant the opportunity to voluntarily commit a crime which defendant conceived in his own mind.

APPEAL by defendant from *Crissman, Judge,* 9 April 1973 Session of Superior Court held in GUILFORD County.

Defendant, Anthony Stanback, was charged in a two count bill of indictment, proper in form, with feloniously possessing more than five grams of a controlled substance, to wit: marijuana, and with feloniously distributing a controlled substance, to wit: marijuana, to Jerome White. Defendant pleaded not guilty and only the State offered evidence at the trial.

The defendant was found guilty as charged and from a judgment imposing a prison sentence of three years, he appealed.

*Attorney General Robert Morgan and Associate Attorney Henry E. Poole for the State.*

*Lee, High, Taylor, Dansby & Stanback by Herman L. Taylor for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant assigns as error the denial of his motions for judgment as of nonsuit. The evidence when considered in the light most favorable to the State tends to show the following:

On the night of 7 December 1972, Jerome White, an undercover agent of the Greensboro Police Department, went to the apartment of defendant seeking to purchase some marijuana which the defendant had promised to sell to Officer White the previous day. Defendant stated that he did not have "anything on him there at the house, but he do know where he could get some." Defendant then asked White how much he wanted and when White stated "one ounce," the defendant informed him that this would cost twenty dollars. After his brief conversation, White gave defendant the twenty dollars. Defendant and White went together in defendant's car to an apartment in another part of the City. While White waited in the automobile, Stanback went into an apartment and returned in about five minutes. White testified, "When he got back to the car, he handed me a plastic bag containing green vegetable material. I did not have a conversation with him at that time. * * * There were contents in the bag. It was a green vegetable-like material, seemed to be ground in a course type form."

After the purchase of the marijuana, defendant and White returned to defendant's apartment where, according to Officer White, defendant made the following statement: "Anytime you need anything, an ounce or a lid or a pound, I can get it for you." White gave the defendant five dollars more as a "tip." The contents of the bag delivered to White by the defendant were subsequently analyzed and identified as marijuana.

In our opinion the evidence offered by the State was sufficient to require the submission of the case to the jury and to support the verdict. This assignment of error is overruled.

[2]  Next, the appellant asserts the court committed prejudicial error in failing to charge the jury on the law of entrapment. In order for the defense of entrapment to be available to defendant there must be an intent to commit a crime and such intent must originate from the inducements of a law officer or his agent and not in the mind of the defendant. *State v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191; *State v. Yost*, 9 N.C. App. 671, 177 S.E. 2d 320. In the instant case the evidence demonstrates the fact that the police of Greensboro did noth-

ing more than afford defendant an opportunity to voluntarily commit a crime which defendant conceived in his own mind. Such police action did not involve persuasion, fraud, or trickery but rather merely provided defendant with an exposure to temptation and thus there was no prejudicial error in the failure of the trial judge to instruct on the defense of entrapment.

No error.

Chief Judge BROCK and Judge BALEY concur.