STATE OF NORTH CAROLINA v. BILLY BOOKER

No. 7615SC864

(Filed 4 May 1977)

**Criminal Law § 7.1— entrapment — insufficiency of evidence — instructions surplusage**

In a prosecution for possession of marijuana for the purpose of sale and sale of marijuana, evidence was insufficient to raise an issue of entrapment where it showed at most that an officer afforded defendant the opportunity to commit the offenses charged in that the officer provided the money to purchase the drugs and loaned defendant his car to get the drugs; therefore, the trial court's instructions with respect to entrapment were mere surplusage and could have in no way prejudiced the defendant.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 20 May 1976 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 6 April 1977.

Defendant, Billy Booker, was charged in a two-count bill of indictment, proper in form, with the felonious possession of marijuana for the purpose of sale and delivery and with the sale of marijuana to State ABC Officer, J. W. Leonard. Upon the defendant's plea of not guilty the State offered evidence tending to show the following:

On 31 January 1976 State ABC Officer, J. W. Leonard, and Ivan Chatman went to defendant's house in Burlington, North Carolina, where Leonard asked defendant if defendant could sell him some heroin and marijuana. Defendant stated that he knew where he could get some marijuana. Defendant directed Officer Leonard to give him $20 and told him that he would return in 15 to 20 minutes. Defendant returned 15 to 20 minutes later and gave Leonard a clear plastic bag containing marijuana and two tablets of Phencyclidine along with two dollars' change.

Defendant offered evidence tending to show the following:

On 31 January 1976 Leonard and Chatman, whom defendant did not know, came to his house and Leonard asked him if he could get him some marijuana. Defendant stated that he did not know because the town was "pretty dry." Leonard kept insisting that he needed some drugs, and defendant "kept telling him that he did not know where any was because the town was pretty dry and he had been all over town trying to find some

himself" for his personal use. Leonard stated he needed some because he just got out of jail and his mother had just died. Chatman stated that he was a junkie and needed some heroin or something. After they talked for 15 to 20 minutes, defendant finally agreed to try to find some of the drugs Leonard and Chatman wanted. Leonard gave defendant $20 to cover the purchase and loaned defendant his car. Defendant returned later with the drugs. Defendant had not ever sold any drugs before 31 January 1976.

Defendant was found guilty as charged and from a judgment imposing a prison sentence of five years, he appealed.

*Attorney General Edmisten by Associate Attorney Jesse C. Brake for the State.*

*Allen, Allen, Walker & Washburn by Kent Washburn for defendant appellant.*

HEDRICK, Judge.

Defendant's first assignment of error relates to the exclusion of certain testimony relating to the manner in which the undercover agent in this case had conducted himself in other similar drug arrests. Since the answers to the questions were not preserved for the record, we are unable to say whether the exclusion of the evidence is prejudicial. 4 Strong, N. C. Index 3d, Criminal Law § 169.6 (1976). Furthermore, a careful examination of each exception upon which this assignment of error is based reveals that each question called for irrelevant testimony.

Defendant's remaining assignments of error relate to the trial judge's instructions to the jury on the defense of entrapment and his failure to dismiss the action because the defense of entrapment was established as a matter of law.

Entrapment with respect to a particular crime exists when the intent to commit that crime originates from the inducement of a law enforcement officer or his agent, and the defendant would not have committed the crime but for such inducement. *State v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191 (1955) ; *State v. Stanback,* 19 N.C. App. 375, 198 S.E. 2d 759 (1973) ; *cert. denied,* 284 N.C. 258, 200 S.E. 2d 658 (1973) ; *cert. denied,* 415 U.S. 990, 39 L.Ed. 2d 887, 94 S.Ct. 1589 (1974). However there is no entrapment when the officer merely affords the defendant

the opportunity to commit the crime. *State v. Stanback, supra;* *State v. Hendrix,* 19 N.C. App. 99, 197 S.E. 2d 892 (1973).

> "Mere initiation, instigation, invitation, or exposure to temptation by enforcement officers is not sufficient to establish the defense of entrapment, it being necessary that the defendants would not have committed the offense except for misrepresentation, trickery, persuasion, or fraud."

4 Strong, N. C. Index 3d, Criminal Law § 7, p. 45 (1976).

The evidence of the defendant in the present case, in our opinion, is not sufficient to raise an issue of entrapment. The evidence at most shows that the officer afforded the defendant the opportunity to commit the offenses. The fact that the officer provided the money to purchase the drugs and loaned defendant his car to go get the drugs is not sufficient evidence to show inducement on the part of the officer. The court's instructions with respect to entrapment, therefore, were mere surplusage and could have in no way prejudiced the defendant. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974).

No error.

Judges BRITT and ARNOLD concur.