STATE OF NORTH CAROLINA v. GORDON ROWE

No. 778SC24

(Filed 6 July 1977)

1. Constitutional Law § 66; Criminal Law § 98.3— unruly defendant—
   removal from courtroom — no prejudice

   Defendant was not prejudiced by his removal from the courtroom
   and continuation of the trial in his absence where defendant violently
   threw counsel's table upside down, shouted obscenities at the judge
   and continued shouting after he was physically restrained by officers
   and dragged to a corner of the courtroom so that the trial judge had
   no opportunity to warn defendant before removing him that he would
   be removed if he persisted in his disruptive conduct.

2. Criminal Law § 7— sale of heroin to undercover agent — no entrap-
   ment as matter of law

   In a prosecution for felonious possession and sale of heroin, the
   evidence did not reveal entrapment as a matter of law, since an under-
   cover agent's asking of defendant to sell drugs to her or telling him
   she was interested in buying some drugs did not constitute an induce-
   ment to defendant to commit a crime he did not otherwise contem-
   plate committing.

APPEAL by defendant from *Tillery, Judge.* Judgments en-
tered 20 August 1976 in Superior Court, WAYNE County. Heard
in the Court of Appeals 31 May 1977.

Defendant was tried upon four bills of indictment: (1)
Felonious sale or delivery of heroin on 6 May 1976 in case No.
76CR6085; (2) Felonious possession of heroin on 6 May 1976
with intent to sell or deliver in case No. 76CR6085A; (3) Felo-
nious possession of heroin on 8 May 1976 with intent to sell or
deliver in case No. 76CR6257; and (4) Felonious sale or deliv-
ery of heroin on 8 May 1976 in case No. 76CR6257A.

Defendant was found not guilty of the two charges of
felonious possession of heroin with intent to sell or deliver
(Nos. 76CR6085A and 76CR6257). The jury found defendant
guilty of the two charges of felonious delivery of heroin (Nos.
76CR6085 and 76CR6257A). Judgments of imprisonment for
consecutive terms of six years were entered.

*Attorney General Edmisten, by Associate Attorney James*
*L. Stuart, for the State.*

*Smith, Everett & Womble, by James D. Womble, Jr., for*
*the defendant.*

---

State v. Rowe

---

BROCK, Chief Judge.

At the conclusion of a voir dire hearing on defendant's motion to suppress evidence of defendant's inculpatory statement to an officer, the trial judge made findings of fact, concluded that the evidence was admissible, and denied the motion to suppress. As the trial judge was making his final ruling on the motion to suppress the defendant stood up, grabbed defense counsel's table and threw it completely upside down on the floor. At the same time defendant was shouting at the judge, "you sons-of-bitches ain't changed in 200 years." He shouted at the judge, "you ain't shit." The defendant was forcibly restrained by officers and was carried to a corner of the courtroom where he continued to shout. He was thereafter handcuffed by the officers and carried from the courtroom.

The trial judge then entered findings of fact concerning defendant's conduct and concluded that the trial could not be conducted in a proper atmosphere with defendant in the courtroom in his present state of mind and ordered that the trial should proceed with defendant absent until such time as the court has determined that it is both proper and safe that defendant be allowed to return to the courtroom. The trial judge directed defense counsel to apprise the defendant in jail of the events taken place in the trial.

During defendant's absence the State's three final witnesses testified. One testified to the statement made by defendant. This was the statement which was the subject of the voir dire hearing during which defendant disrupted the proceedings. The testimony was: "He stated that he did not sell any heroin to Miss Melvin [the undercover agent]; that he only set the buys up." The second witness testified that he arrested defendant pursuant to a warrant and that defendant said: "Mr. Surratt [the arresting officer], man, I ain't sold no heroin to nobody." The third witness was the chemist who analyzed the white powder and determined that it was nine percent heroin. Thereafter the State rested its case.

Upon inquiry of the defendant by the courtroom deputy, the defendant gave assurances to the judge that he would conduct himself in a proper manner in the courtroom. Thereafter the judge directed that defendant be returned to the courtroom for the remainder of the trial.

[1]   Defendant argues that the trial judge denied defendant's constitutional right to confront the witnesses against him during the time that the trial proceeded after he was expelled from the courtroom and until he was allowed to return to the courtroom. We are not impressed with this argument.

The trial judge in this case chose one of the constitutionally permissible methods of dealing with a disruptive defendant as outlined in *Illinois v. Allen*, 397 U.S. 337, 25 L.Ed. 2d 353, 90 S.Ct. 1057 (1970), *e.g.*, "take him out of the courtroom until he promises to conduct himself properly." Even so, defendant argues that there was a fatal defect in the procedure followed in this case in that the trial judge did not warn him before removing him that he would be removed if he persisted in his disruptive conduct. Ordinarily the trial judge should give a defendant an opportunity to correct his conduct before removal from the courtroom. Obviously, however, that can only be done if the defendant gives the trial judge a reasonable opportunity. In this case the defendant was continuously disruptive from the time he first became disruptive. He violently threw counsel's table upside down, shouted obscenities at the judge, and continued shouting after he was physically restrained by officers and dragged to a corner of the courtroom. There was nothing left for the judge to do except direct that defendant be taken to jail where he could have an opportunity to calm himself. The trial judge is not required to lower himself to the status of such a disruptive, violent, and boisterous defendant, and our judges are not required to engage in a shouting contest in order to warn a defendant that he will be removed from the courtroom if he does not desist. By his conduct defendant deliberately waived and forfeited his right to confront the witnesses against him during the interval until he could calm down. In a very short time, after defendant's assurances that he would conduct himself properly, the trial judge permitted defendant to return to the courtroom for the remainder of the trial. We find no abuse of discretion and no prejudicial error in the removal of defendant from the courtroom or in continuing the trial during his absence under the circumstances disclosed by this record.

[2]   The trial judge submitted to the jury defendant's contention of entrapment. Defendant argues that the trial judge should have found entrapment as a matter of law and should have dismissed the charges against him. We disagree.

The evidence in this case presents no more than the ordinary undercover operation. The undercover agent worked herself into the drug traffic society and purchased drugs from the defendant. She merely set a trap to catch defendant in the execution of a crime of his own conception. Merely asking defendant to sell drugs to her or telling him she was interested in buying some drugs did not constitute an inducement to defendant to commit a crime he did not otherwise contemplate committing. See *State v. Stanley,* 288 N.C. 19, 215 S.E. 2d 589 (1975) ; *State v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191 (1955) ; *State v. Keen,* 25 N.C. App. 567, 214 S.E. 2d 242 (1975) ; *State v. Hendrix,* 19 N.C. App. 99, 197 S.E. 2d 892 (1973).

No error.

Judges HEDRICK and MARTIN concur.