STATE OF NORTH CAROLINA v. ANTWAN TERRELL MURPHY

No. COA08-382

(Filed 7 October 2008)

**Sentencing— habitual felon—withdrawal of indictments—district attorney's discretion**

The trial court was not required to sentence defendant as an habitual felon on armed robbery and attempted armed robbery charges where the State withdrew its indictment for habitual felon status as to those charges and sought habitual felon status only as to a firearms possession charge, which resulted in a greater sentence. The district attorney has the authority and discretion to withdraw an habitual felon indictment as to some or all of the underlying felony charges up to the time the jury returns a verdict that defendant had attained the status of an habitual felon.

Appeal by defendant from judgment entered 14 November 2007 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 11 September 2008.

*Attorney General Roy A. Cooper III, by Special Deputy Attorney General LeAnn M. Rhodes, for the State.*

*Michael J. Reece, for defendant-appellant.*

STEELMAN, Judge.

Where the State withdrew its indictment for habitual felon status as to the charges of robbery with a dangerous weapon and attempted robbery with a dangerous weapon prior to the habitual felon portion of the trial, the trial court was not required to sentence defendant as an habitual felon on those charges.

I. Factual and Procedural Background

On 27 November 2006, Antwan Terrell Murphy (defendant) was indicted for the offenses of robbery with a dangerous weapon, attempted robbery with a dangerous weapon, possession of firearm by a felon, and as an habitual felon. This case was tried at the 16 July 2007 Criminal Session of Pitt County Superior Court. Defendant was found guilty of robbery with a dangerous weapon, attempted robbery with a dangerous weapon and possession of a firearm by a felon.

During the second phase of the trial, defendant was found guilty of being an habitual felon.

During the jury's deliberation on the two robbery and possession of a firearm charges, the prosecutor informed the court that the State would only be seeking habitual felon status as to the possession of a firearm charge. Defendant did not object to the State's withdrawal of the habitual felon charges as to the robbery charges. The jury found that defendant had achieved the status of an habitual felon.

The trial court consolidated the robbery and attempted robbery charges and imposed an active sentence of 117 to 150 months imprisonment. As to the possession of a firearm charge, defendant was sentenced as an habitual felon to an active, consecutive sentence of 73 to 97 months. Defendant appeals.

## II.  Analysis

Defendant contends the trial court committed error by not sentencing him as an habitual felon on the robbery with a dangerous weapon and attempted robbery with a dangerous weapon charges. We disagree.

### A.  Habitual Felons Act

The Habitual Felons Act (Article 2A of Chapter 14, North Carolina General Statutes) provides that when a defendant has previously been convicted of or plead guilty to three non-overlapping felonies, he may be indicted by the State in a separate bill of indictment for having attained the status of being an habitual felon. N.C. Gen. Stat. § 14-7.1, 14-7.3 (2007).

N.C. Gen. Stat. § 14-7.2 (2007) provides for the punishment of habitual felons and reads, in pertinent part:

When any person is charged by indictment with the commission of a felony under the laws of the State of North Carolina and is also charged with being an habitual felon as defined in G.S. 14-7.1, he must, upon conviction, be sentenced and punished as an habitual felon. . . .

N.C. Gen. Stat. § 14-7.6 (2007) provides that:

When an habitual felon as defined in this Article commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article . . . be sentenced as a Class C felon.

Defendant asserts that the trial court was required to sentence him as an habitual felon under the provisions of N.C. Gen. Stat. § 14-7.2 and 14-7.6 (2007) with respect to the robbery and attempted robbery charges, as well as the possession of a firearm charge. Under the provisions of N.C. Gen. Stat. § 14-7.6, for purposes of sentencing as an habitual felon, the three prior felony convictions may not be counted in determining defendant's prior record level. Thus, in this case, as an habitual felon, defendant was a prior record level I for the class C felony, while he was a prior record level IV for the two class D felonies. If the trial court had sentenced defendant as an habitual felon with respect to the robbery charges, he would have received a lesser sentence.

Defendant fails to recognize the bifurcated nature of proceedings involving an indictment for habitual felon status as set forth in N.C. Gen. Stat. § 14-7.5. Under that statute, the existence of the habitual felon indictment may not be revealed to the jury "unless the jury shall find that the defendant is guilty of the principal felony . . ." *Id.* In the event that the jury finds the defendant guilty of the principal, or underlying felony, then a second trial is conducted on habitual felon status. This may be conducted before the same jury that heard the principal charge.

## B.  Prosecutorial Discretion

Defendant acknowledges that "North Carolina prosecutors have a choice between indicting a defendant with three prior felony convictions for the predicate felony offense alone, or indicting the defendant as an habitual felon in addition to indicting him for the predicate felony." The District Attorney thus has discretion whether to prosecute a defendant as an habitual felon or not. *State v. Cates,* 154 N.C. App. 737, 740, 573 S.E.2d 208, 209-10 (2002).

It is also clear that a prosecutor has the authority and discretion to dismiss charges against a defendant at any stage of the proceedings. N.C. Gen. Stat. § 15A-931(a) (2007) ("[T]he prosecutor may dismiss any charges stated in a criminal pleading . . . by entering an oral dismissal in open court before or during the trial, or by filing a written dismissal with the clerk at any time."); *see also State v. Spicer,* 299 N.C. 309, 311-12, 261 S.E.2d 893, 895-96 (1980). Defendant contends, however, that the indictment for habitual felon status abrogated the District Attorney's authority and discretion to dismiss or withdraw charges against him.

**IN RE S.S.**

[193 N.C. App. 239 (2008)]

We hold the District Attorney has the authority and discretion to withdraw an habitual felon indictment as to some or all of the underlying felony charges pending against a defendant, up until the time that the jury returns a verdict of guilty that defendant had attained the status of an habitual felon. Once such a verdict has been returned, then the court must sentence defendant as an habitual felon pursuant to N.C. Gen. Stat. § 14-7.2. However, this provision is not applicable until defendant has been convicted of *both* the underlying felony and habitual felon status.

## C. Clerical Error

We note that both judgments entered in this matter state that defendant was found to be and was sentenced at a prior record level IV for felony sentencing. The record and the sentence imposed reflect that for the habitual felon judgment, defendant was a prior record level I. This matter is remanded to the Superior Court of Pitt County for correction of this clerical error.

Defendant's remaining assignments of error listed in the record but not argued in defendant's brief are deemed abandoned. N.C. R. App. P. 28 (b)(6) (2008).

AFFIRMED, REMANDED for correction of clerical error.

Judges GEER and STEPHENS concur.