STATE OF NORTH CAROLINA v. RICHARD MASSEY

No. COA08-831

(Filed 17 February 2009)

## 1. Criminal Law— instruction—entrapment

The trial court did not err in a possession with intent to sell or deliver a controlled substance and sale of a controlled substance case by refusing to instruct the jury on the affirmative defense of entrapment because: (1) viewed in the light most favorable to defendant, the evidence failed to show acts by the undercover officer to persuade, trick or fraudulently induce defendant to sell him drugs; (2) there is no entrapment when an officer merely affords a defendant the opportunity to commit the crime; and (3) the fact that the undercover officer drove by defendant waiving money out of the window, with defendant subsequently selling cocaine to the undercover officer, was insufficient evidence to show inducement on the part of the undercover officer.

## 2. Sentencing— habitual felon—indictments for three felonies

The trial court did not err in a drug case by admitting into evidence the indictments for the three felonies supporting defendant's habitual felon status during the habitual felon portion of defendant's trial because: (1) the prohibition in N.C.G.S. § 15A-1221(b) does not prohibit publication during the sentencing proceeding of indictments from cases not currently before the jury; and (2) the indictments were from cases not currently before the jury.

## 3. Sentencing— habitual felon—prior record level

The trial court did not err in a drug case by sentencing defendant at a record level VI on the grounds that there were alleged errors in the sentencing worksheet and in the calculation of his prior criminal record because: (1) defendant stipulated that this record level was correct and further stipulated that the worksheet used by the State to determine his prior record level was correct; (2) while defendant is correct that an habitual felon conviction cannot be counted in the calculation of a prior record level, contrary to defendant's argument it is unclear whether the trial court treated the 1998 conviction as a Class C felony in its calculation of sentencing points; (3) even without the habitual felon conviction included in the calculation of defendant's prior record points, defendant would still have at least nineteen prior record points and would have properly been assigned a prior record level of VI; (4) although defendant challenged the evidentiary basis of three of the prior convictions on the grounds that no file numbers are listed for those convictions on the worksheet, the lack of a file number is not determinative; (5) although defendant contends the record contained insufficient evidence of his 1976 conviction for attempted robbery with a dangerous weapon, his stipulation to the accuracy of the prior conviction worksheet was sufficient to satisfy the State's evidentiary burden of proof of this conviction; and (6) the certified copy of defendant's criminal record that was requested in June 2008, six months after defendant was convicted and sentenced, was not before the trial court and will not be considered on appeal.

Appeal by defendant from judgment entered 10 January 2008 by Judge Linwood O. Foust in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 December 2008.

STATE v. MASSEY

[195 N.C. App. 423 (2009)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David P. Brenskelle, for the State.*

*L. Jayne Stowers, for defendant-appellant.*

STEELMAN, Judge.

Where the evidence did not support a jury instruction on the affirmative defense of entrapment, the trial court did not err in refusing to instruct the jury on that defense. It was not error for the trial court to admit into evidence the indictments from prior convictions during defendant's habitual felon trial. Where any alleged errors by the trial court in the calculation of defendant's prior record level were harmless, a new sentencing hearing is not required.

## I. Factual and Procedural Background

On 1 December 2006, officers of the Charlotte-Mecklenburg Police Department were engaged in an undercover attempt to purchase cocaine from drug dealers in the Hill Valley Community. At approximately 9:00 p.m., the officers were in a conversion van driving along Reagan Avenue. The undercover officer driving the van waved some money out of the window of the van, and he was subsequently flagged down by Richard Massey ("defendant"). Defendant inquired as to what the undercover officer wanted, and was informed that he wanted a "twenty." Defendant instructed the undercover officer to pull the van into a hotel parking lot. The parking lot was blocked by a gate, and the undercover officer pulled the van to the side of the road. Defendant approached the van and handed the undercover officer an object which was later determined to be a rock of cocaine. The undercover officer gave defendant a twenty dollar bill. The officers in the back of the van then placed defendant under arrest.

On 11 December 2006, defendant was indicted for possession with intent to sell or deliver a controlled substance, sale of a controlled substance, and attaining the status of being an habitual felon. The case went to trial on 7 January 2008. The jury found defendant guilty of both drug charges. During the second phase of the trial, defendant was found guilty of attaining the status of being an habitual felon. The trial court found defendant to be a prior record level VI for felony sentencing purposes. The trial court imposed a sentence of 101 to 131 months imprisonment from the bottom of the mitigated range. Defendant appeals.

STATE v. MASSEY

[195 N.C. App. 423 (2009)]

## II.  Entrapment

**[1]** In his first argument, defendant contends that the trial court erred by failing to instruct the jury on the defense of entrapment. We disagree.

"A trial court must give a requested instruction if it is a correct statement of the law and is supported by the evidence." *State v. Haywood*, 144 N.C. App. 223, 234, 550 S.E.2d 38, 45 (2001) (citation omitted). The burden of proving the affirmative defense of entrapment lies with the defendant. *State v. Hageman*, 307 N.C. 1, 28, 296 S.E.2d 433, 448 (1982). In determining whether there is sufficient evidence to require a jury instruction on the entrapment defense, the court must view the evidence in the light most favorable to defendant. *State v. Jamerson*, 64 N.C. App. 301, 303, 307 S.E.2d 436, 437 (1983) (citations omitted). To be entitled to an instruction on entrapment, a defendant must present evidence of (1) "acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime" and (2) "the origin of the criminal intent [lying] with the law enforcement agencies.? *Hageman* at 28, 296 S.E.2d at 449 (citations omitted). "However there is no entrapment when the officer merely affords the defendant the opportunity to commit the crime." *State v. Booker*, 33 N.C. App. 223, 224-25, 234 S.E.2d 417, 418 (1977) (citations omitted).

In the instant case, defendant did not offer any evidence, and we look solely to the evidence offered by the State. The State's evidence, viewed in the light most favorable to defendant, fails to show acts by the undercover officer to persuade, trick, or fraudulently induce defendant to sell him drugs. The fact that the undercover officer drove by defendant waving money out of the window, and that defendant subsequently sold cocaine to the undercover officer, is insufficient evidence to show inducement on the part of the undercover officer. At most, the evidence shows that the officer afforded defendant the opportunity to commit the offense.

Defendant has failed to offer sufficient evidence of entrapment, and we hold that the trial court did not err in refusing to instruct the jury on that defense.

This argument is without merit.

## II. Admission of Indictments from Underlying Felonies in the Habitual Felon Stage of Trial

**[2]** In his second argument, defendant contends that the trial court erred by admitting into evidence State's exhibits 11, 13, and 15, the indictments for the three felonies supporting defendant's habitual felon status, in the habitual felon portion of his trial. We disagree.

"[W]hen a defendant has previously been convicted of or plead guilty to three non-overlapping felonies, he may be indicted by the State in a separate bill of indictment for having attained the status of being an habitual felon." *State v. Murphy*, 193 N.C. App. 236, 237, 666 S.E.2d 880, 882 (2008) (citing N.C. Gen. Stat. § 14-7.1, 14-7.3 (2007)). N.C. Gen. Stat. § 14-7.5 requires that a separate trial be conducted subsequent to the principal felony trial in order for the jury to determine whether a defendant is an habitual felon. *Id.* (2007). The habitual felon portion of the trial is to be conducted "as if the issue of habitual felon were a principal charge." *Id.* N.C. Gen. Stat. § 15A-1221(b) provides that "[a]t no time . . . during trial may any person read the indictment to the . . . jury." *Id.* (2007). The North Carolina Supreme Court has held that the prohibition contained in N.C. Gen. Stat. § 15A-1221(b) "does not prohibit publication during the sentencing proceeding of indictments from cases not currently before the jury." *State v. Flowers*, 347 N.C. 1, 36, 489 S.E.2d 391, 411 (1997). The Court in *Flowers* further noted that it is not error to read a prior indictment to the jury "for the purpose of proving the existence of a prior felony." *Id.*

In the habitual felon portion of defendant's trial, the prosecutor submitted into evidence the indictments from the three prior felonies that the State contended made defendant an habitual felon as State's exhibits 11, 13, and 15. The State also offered, and the court received into evidence, the judgments from the three prior felony convictions.

It was not error for the trial court to admit into evidence indictments from cases not currently before the jury. *See Flowers* at 36, 489 S.E.2d at 411.

This argument is without merit.

### III. Sentencing

**[3]** In his third argument, defendant contends that the trial court erred in sentencing him at a record level VI on the grounds that there were errors in the sentencing worksheet and in the calculation of his prior criminal record. We disagree.

The trial court determined defendant's prior record level to be a VI for felony sentencing purposes based upon a finding of thirty-two prior sentencing points. Defendant stipulated that this record level was correct, and further stipulated that the worksheet used by the State to determine defendant's prior record level was correct.

N.C. Gen. Stat. § 15A-1340.14(a) (2007) provides that a felony offender's prior record level is to be determined "by calculating the sum of the points assigned to each of the offender's prior convictions . . ." *Id.* Subsection (b) assigns points to prior felony convictions as follows:

(1)   For each prior felony Class A conviction, 10 points.

(1a)  For each prior felony Class B1 conviction, 9 points.

(2)   For each prior felony Class B2, C, or D conviction, 6 points.

(3)   For each prior felony Class E, F, or G conviction, 4 points.

(4)   For each prior felony Class H or I conviction, 2 points.

N.C. Gen. Stat. § 15A-1340.14(b) (2007).

"Upon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon." *State v. Penland*, 89 N.C. App. 350, 351, 365 S.E.2d 721, 722 (1988) (citations omitted). Being an habitual felon is a status, not a crime, and a conviction for habitual felon should not be used to calculate prior record level points. *State v. Vaughn*, 130 N.C. App. 456, 460, 503 S.E.2d 110, 112 (1998).

On 26 June 1998, defendant was convicted of two Class I felonies of breaking or entering a motor vehicle and of being an habitual felon. Defendant argues that the trial court erred by including the 1998 conviction as a Class C felony in its calculation of his prior record level, rather than assigning points for only one of the underlying Class I felonies. While defendant is correct that an habitual felon conviction cannot be counted in the calculation of a prior record level, it is unclear in the instant case whether the trial court treated this conviction as a Class C felony in its calculation of sentencing points. Moreover, a review of the prior record level worksheet reveals that any alleged error was harmless. *See State v. Allah*, 168 N.C. App. 190, 195-96, 607 S.E.2d 311, 315 (2005). Even without the habitual felon conviction included in the calculation of defendant's prior record points, defendant would still have at least nineteen prior record

points and would have properly been assigned a prior record level of VI. *See* N.C. Gen. Stat. § 15A-1340.14(c)(6).

Defendant also challenges the evidentiary basis of three of the prior convictions on the grounds that no file numbers are listed for those convictions on the worksheet. We hold that the lack of a file number is not determinative. Defendant also argues that the record contains insufficient evidence of his 1975 conviction for attempted robbery with a dangerous weapon. However, we note that defendant stipulated to the accuracy of the prior conviction worksheet. Although this stipulation does not preclude our *de novo* appellate review of the trial court's calculation of defendant's prior record level, it is sufficient to satisfy the State's evidentiary burden of proof of this conviction. *See* N.C. Gen. Stat. § 15A-1340.14(f)(1).

Further, defendant bases his argument on appeal upon a certified copy of his criminal record that was requested in June of 2008, six months after defendant was convicted and sentenced. This document could not possibly have been before the trial court at defendant's sentencing. This criminal record check was on its face limited to criminal convictions occurring from 1984 to 2008 and would not have included a 1975 conviction. The Court of Appeals is not the proper place for the introduction of evidence. This Court is not a fact-finding court, and will not consider evidence, documentary or otherwise, that was not before the trial court. To allow such evidence would lead to interminable appeals and defeat the fundamental roles of our trial and appellate courts. *See State v. Kirby*, 187 N.C. App. 367, 376, 653 S.E.2d 174, 180 (2007).

In light of defendant's stipulation to each of these convictions, all from North Carolina, we hold that the State established defendant's prior convictions in accordance with the provisions of N.C. Gen. Stat. § 15A-1340.14(f).

This argument is without merit.

Defendant's remaining assignment of error listed in the record but not argued in his brief is deemed abandoned. N.C. R. App. P. 28(b)(6) (2008).

NO ERROR.

Judges CALABRIA and STROUD concur.