IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1170

Filed: 2 June 2020

Gaston County, Nos. 02 CRS 6513, 02 CRS 6524

STATE OF NORTH CAROLINA

v.

NATHANAEL HIGH, Defendant.

Appeal by Defendant from order entered 17 June 2019 by Judge David Phillips in Gaston County Superior Court. Heard in the Court of Appeals 28 April 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Arnold & Smith, PLLC, by Paul A. Tharp, for the Defendant.*

BROOK, Judge.

Nathanael High ("Defendant"), appeals from an order filed 17 June 2019 denying his Motion for Appropriate Relief ("MAR") in which Defendant sought review of his 5 May 2014 sentencing. Because we conclude that the trial court erred in calculating Defendant's prior record level, we reverse.

I. Factual and Procedural Background

The present appeal arises out of events that occurred when Defendant was 15 years old, in February of 2002. The State alleged that Defendant shot and killed his father and took money out of a coffee jar in his father's bedroom. Litigation related to a MAR filed by Defendant subsequent to his convictions revealed nine years' worth of North Carolina Department of Social Services ("DSS") records involving substantiated claims of neglect and abuse by Defendant's father against Defendant and Defendant's younger brother.

Defendant was first charged with one count of murder in the first degree in violation of N.C. Gen. Stat. § 14-17 and one count of robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87 on 10 February 2002, and a grand jury indicted Defendant on these charges on 1 April 2002. A Gaston County jury found Defendant guilty of both charges on 24 May 2004. Defendant was sentenced to life in prison without the possibility of parole for murder and to 64 to 86 months for robbery, the sentences to run concurrently. Defendant appealed, resulting in this Court's opinion issued on 15 November 2005, finding no error in the trial court proceedings. *State v. High*, 174 N.C. App. 627, 621 S.E.2d 342, 2005 WL 3046444 (2005) (unpublished).

Defendant filed a MAR on 24 June 2013 in Gaston County Superior Court. His MAR was heard on 5 May 2014, Judge Jesse V. Caldwell presiding. Pursuant to a plea agreement with the State, the trial court entered an order vacating Defendant's first-degree murder conviction and sentence, and Defendant pleaded guilty to second-

degree murder. Defendant and the State agreed to a sentence of 236 to 293 months for second-degree murder upon expiration of the 64- to 84-month active sentence for robbery, and the trial court sentenced Defendant to the same. The section of the plea agreement, form AOC-CR-300, entitled "Plea Arrangement," states: "The State will dismiss the charge of first-degree murder. Mr. High will plead guilty to second-degree murder. The State and Mr. High agree to a sentence of 236-293 months to run consecutively to RWDW [robbery with a dangerous weapon] sentence[.]" As part of the plea agreement, the State submitted form AOC-CR-600A, a prior record level worksheet, which listed one prior Class B2, C, or D felony conviction, amounting to six prior record points. Six points resulted in a prior record level of III. Section IV of the form, entitled "Prior Conviction," listed Defendant's robbery with a dangerous weapon conviction, a Class D felony, with date of conviction 24 May 2004. Defense counsel signed section II, entitled "Stipulation," agreeing with Defendant's prior record level as set out in the form.

Defendant filed a second MAR on 25 January 2019 in Gaston County Superior Court, seeking review of his 5 May 2014 sentencing. At the hearing on Defendant's MAR on 17 June 2019, Judge David Phillips denied Defendant's MAR. Defendant filed a petition for writ of certiorari to our Court on 30 August 2019. We first denied Defendant's petition on 16 September 2019. However, we then issued an amended order allowing Defendant's petition in part and limiting review to whether the trial

court erred in calculating Defendant's prior record level. On 7 October 2019, Defendant's appeal was deemed taken after his counsel entered an appearance.

## II. Jurisdiction

Defendant petitioned this Court for a writ of certiorari on 25 August 2019, which this Court granted in part on 16 September 2019 to review whether the trial court erred in calculating Defendant's prior record level. Amended Order, *State v. High* (COA19-1170) (2019). Though Defendant petitioned this Court for a writ of certiorari to review several alleged errors at the trial court, our review, pursuant to the writ, is limited to the calculation of Defendant's prior record level.

## III. Standard of Review

The determination of a defendant's prior record level for sentencing purposes is subject to de novo review. *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009). "Under a *de novo* review, th[is C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

## IV. Analysis

Defendant contends that the trial court improperly sentenced him as a Level III offender and that he should have been sentenced as a Level I offender instead. Defendant contends that the trial court erred in using his robbery conviction as a

prior conviction when calculating his prior record level because the robbery conviction was joinable with the second-degree murder charge to which he pleaded guilty. In support of his argument, Defendant cites *State v. West*, in which our Court held "that the assessment of a defendant's prior record level using joined convictions would be unjust and in contravention of the intent of the General Assembly." 180 N.C. App. 664, 669, 638 S.E.2d 508, 512 (2006). We agree that the trial court erred in calculating Defendant's prior record level in this case.[1]

"Before imposing a sentence, the court shall determine the prior record level for the offender pursuant to G.S. 15A-1340.14." N.C. Gen. Stat. § 15A-1340.13(b) (2019). While the State bears the burden of proving a defendant's prior record level, that burden can be met, *inter alia*, by stipulation of the parties. *Id.* § 15A-1340.14(f)(1). Our Courts have held that defendants can stipulate to their prior convictions in a number of ways. Most relevant to this case, defense counsel's signature in section III, entitled "Stipulation," on the plea agreement manifests a defendant's stipulation to his or her prior convictions and prior record level as laid out therein. *State v. Spencer*, 187 N.C. App. 605, 613, 654 S.E.2d 69, 74 (2007).

---

[1] Defendant further argues that the trial court erred in considering in aggravation that Defendant "took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[,]" and that Defendant's first-degree murder sentence had been reduced to second-degree murder. However, certiorari was expressly limited to review whether the trial court erred in calculating Defendant's prior record level. We therefore do not reach Defendant's arguments regarding aggravating factors.

However, a defendant's stipulation does not end the inquiry into his or her prior record level. "Once a defendant makes this stipulation, the trial court then makes a legal determination by reviewing the proper classification of an offense so as to calculate the points assigned to that prior offense." *State v. Arrington*, 371 N.C. 518, 524, 819 S.E.2d 329, 333 (2018). While a defendant may properly stipulate to the existence of a prior conviction and to its classification (e.g., as a Class C or D felony), *see id.* at 527, 819 S.E.2d at 335, "a defendant is not bound by a stipulation as to any conclusion of law that is required to be made for the purpose of calculating th[e prior record] level[,]" *State v. Gardner*, 225 N.C. App. 161, 167, 736 S.E.2d 826, 830 (2013); *accord State v. Massey*, 195 N.C. App. 423, 429, 672 S.E.2d 696, 699 (2009) ("[D]efendant stipulated to the accuracy of the prior conviction worksheet. Although this stipulation does not preclude our *de novo* appellate review of the trial court's calculation of defendant's prior record level, it is sufficient to satisfy the State's evidentiary burden of proof of this conviction.").

Where the calculation of a defendant's prior record level requires answering a legal question, a stipulation to the prior record level does not prevent our review. *Gardner*, 225 N.C. App. at 168, 736 S.E.2d at 831. For example, in *Gardner*, the defendant stipulated to her prior record level by signing the stipulation on the sentencing worksheet as part of her plea agreement. *Id.* at 166, 736 S.E.2d at 830. On appeal, she argued that one point was improperly added to her prior conviction

level pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6), "which provides that one point is added '[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted[.]'" *Id.* at 167, 736 S.E.2d at 831 (quoting N.C. Gen. Stat. § 15A-1340.14(b)(6) (2011)). Our Court reversed and remanded for resentencing because, although the defendant had stipulated to her prior record level, the trial court erred by misapplying the relevant statute and assigning her an extra prior record level point. *Id.* at 170, 736 S.E.2d at 832. Similarly, our Court in *State v. Hanton* held that the determination of whether the elements of an out-of-state criminal offense were substantially similar to the elements of a North Carolina criminal offense "does not require the resolution of disputed facts." 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006) (citation omitted). Rather, we held that such a determination "involves statutory interpretation, which is a question of law." *Id.* at 255, 623 S.E.2d at 604. As a question of law, a stipulation of substantial similarity is not binding upon the trial or appellate courts. *See State v. Prevette*, 39 N.C. App. 470, 472, 250 S.E.2d 682, 683 (1979) ("Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts").

Likewise, here, application of the *West* rule—whether a trial court improperly used a joinable offense in calculating a defendant's prior record level—does not require the resolution of disputed facts but is instead a question of law. *See State v. Watlington*, 234 N.C. App. 601, 608-09, 759 S.E.2d 392, 396-97 (2014) (applying *West*

to conclude that using a joined conviction in calculating a defendant's prior record level where he was retried following a mistrial would violate N.C. Gen. Stat. § 15A-1340.14(d)).  Defendant's claim that his robbery with a dangerous weapon conviction was improperly used to calculate his record level is thus subject to our de novo review.

Here, Defendant's prior record level was proven by stipulation.  Defense counsel signed section III, entitled "Stipulation" on the same page of the plea agreement as his prior conviction:

> The prosecutor and defense counsel . . . *stipulate* to the information set out in Sections I ["Scoring Prior Record/Felony Sentencing"] and IV ["Prior Conviction"] of this form, and *agree with the defendant's prior record level* or prior conviction level as set out in Section II ["Classifying Prior Record/Conviction Level"] based on the information herein.

(Emphasis added.)  Both the assistant district attorney and defense counsel signed the stipulation.  This stipulation is sufficient to meet the State's burden of proving the fact of Defendant's prior convictions.  *See Spencer*, 187 N.C. App. at 613, 654 S.E.2d at 74.

As explained above, however, the fact of Defendant's stipulation does not resolve whether the trial court erred in calculating Defendant's prior record level where, as here, Defendant argues that the trial court improperly considered a joinable offense in the calculation of his prior record level.  We turn to whether Defendant's conviction of armed robbery is a prior conviction as contemplated by N.C. Gen. Stat. § 15A-1340.11(7) and *West*.

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2019). "A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]" *Id.* § 15A-1340.11(7) (2019). While § 15A-1340.11(7) does not directly address the use of joined convictions as prior convictions, our Court has held "that the assessment of a defendant's prior record level using joined convictions would be unjust and in contravention of the intent of the General Assembly." *West*, 180 N.C. App. at 669-70, 638 S.E.2d at 512 (relying also on "the rule of lenity[, which] forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention.") (citations omitted). Joinable offenses are defined in N.C. Gen. Stat. § 15A-926(a), which provides that "[t]wo or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926(a) (2019).

Our Court's decision in *State v. Cooper*, 245 N.C. App. 567, 782 S.E.2d 581, 2016 WL 609213 (2016) (unpublished), provides useful illustration of the *West* rule. In that case, the defendant was charged with first-degree murder, attempted first-

degree murder, and possession of a firearm by a felon, all based on the same underlying series of acts. *Id.* at *1. The defendant pleaded guilty to possession of a firearm by a felon prior to jury selection and then proceeded to trial on the other two charges. *Id.* The trial court declared a mistrial when the jury was unable to reach a verdict on either charge and entered judgment on the charge of possession of a firearm by a felon. *Id.* After a retrial on the charges of first-degree murder and attempted first-degree murder, a jury found the defendant guilty of second-degree murder and not guilty of attempted first-degree murder. *Id.* at *2. The trial court considered defendant's conviction of possession of a firearm by a felon as a "prior" conviction in calculating the defendant's prior record level. *Id.* Applying *West* and *Watlington*, our Court concluded that those cases precluded the use of the defendant's firearm possession conviction as a prior conviction because

> had the first jury reached a verdict on the murder and attempted murder charges, any judgments entered thereupon would have been entered on any and all convictions arising from the joined charges at that time. None could have [been] used as a prior conviction for purposes of sentencing on any of the others.

*Id.* at *3.

The logic of *West* and *Watlington* applies in the same fashion here. In this case, the State joined the charges of first-degree murder and robbery with a dangerous weapon. As in *Cooper*, "[n]one [of these offenses] could have [been] used as a prior conviction for purposes of sentencing on any of the others." *Id.* While Defendant was

serving his sentence, the United States Supreme Court ruled in *Miller v. Alabama* that mandatory life sentences without parole for juvenile offenders violate the United States Constitution. 567 U.S. 460, 470, 132 S. Ct. 2455, 2464, 183 L. Ed. 2d 407, 418 (2012). Based on *Miller*, the trial court dismissed the first-degree murder conviction against Defendant pursuant to Defendant's plea agreement with the State. Applying our Court's reasoning from *West* here, using Defendant's robbery conviction as a prior conviction "would be [just as] unjust and in contravention of the intent of the General Assembly" upon Defendant's plea to second-degree murder as it would have been had the State sought to use the robbery conviction as a "prior" conviction when Defendant was first sentenced on the joined charges in 2004. 180 N.C. App. at 669-70, 638 S.E.2d at 512.

As in *West* and *Watlington*, considering Defendant's robbery conviction as a prior conviction in calculating Defendant's prior record level amounted to a legal error requiring reversal.

## V. Remedy

Defendant requests "resentencing to correct the error of the trial court's consideration of joined offenses[.]" The State argues that the remedy for an error in calculating Defendant's prior record level here is rescission of the plea agreement. Precedent compels us to agree with the State.

Where a sentence is imposed in error as part of a plea agreement, the proper remedy is rescission of the entire plea agreement, and the parties must return to their respective positions prior to entering into the agreement and may choose to negotiate a new plea agreement. *See State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (2012) (Steelman, J., dissenting), *rev'd per curiam for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012). Here, the sentence was imposed as part of a plea arrangement; the State and Defendant agreed to a sentence of 236 to 293 months to run consecutively to Defendant's sentence for robbery. Certain terms of Defendant's plea agreement with the State—namely the agreement to a sentence in accord with a prior record level of III—have been rendered unfulfillable, and we must rescind the plea agreement and return the parties to their respective positions prior to their entering into the plea agreement. *Compare State v. Braswell*, ___ N.C. App. ___, ___, 837 S.E.2d 580, 586 (2020) (remanding for resentencing, but not rescission of plea agreement, where the State fails to prove prior conviction level and defendant did not agree to a particular sentence), *with Rico*, 218 N.C. App. at 122, 720 S.E.2d at 809 (concluding that remanding and rescinding plea agreement where error at sentencing rendered certain terms of the agreement unfulfillable is the proper remedy).

VI. Conclusion

We conclude that the trial court erred in calculating Defendant's prior record level when it considered a joinable offense as a prior conviction for sentencing purposes. As such, we must rescind Defendant's plea agreement.

REVERSED.

Judges BRYANT and YOUNG concur.