STATE OF NORTH CAROLINA v. JAMES MATTHEW WALKER

No. 835SC777

(Filed 7 February 1984)

**Narcotics § 4.2— failure to instruct on defense of entrapment error**

In a prosecution for possession with intent to sell cocaine, sale of cocaine, and conspiracy to sell and deliver cocaine, the trial court erred in failing to instruct on the defense of entrapment where the defendant's evidence tended to show that a confidential informant and defendant were lifelong friends; the informant introduced defendant to an SBI agent at a bar; the informant then asked defendant to obtain cocaine, but defendant refused; the next day the informant and the agent visited defendant's home and while the agent was in another room, the informant told defendant that he had a quarter ounce of cocaine, that he owed the agent money, and asked defendant to pretend that the cocaine was his so that the informant would not have to give the cocaine to the agent in repayment of the debt; that defendant at first refused but finally agreed to pretend that the cocaine was his; that several days later the informant returned to defendant's house and again asked defendant to obtain cocaine for him; that defendant refused; that the informant returned the next day and finally persuaded defendant to allow him to leave some cocaine at defendant's house while he went to pick up the agent; that the drugs were placed in a brown paper bag on defendant's bed; that the informant returned with the agent, who laid $2,000.00 on the bed, picked up the bag and left; that the informant stuck the money in his back pocket and followed the agent out the door; and that about 30 minutes later, the informant returned to defendant's home and thanked defendant for his help.

APPEAL by defendant from *Brown, Judge.* Judgment entered 16 February 1983 in NEW HANOVER County Superior Court. Heard in the Court of Appeals 20 January 1984.

Defendant was charged with and convicted of two charges of possession with intent to sell cocaine, two charges of sale of cocaine, and one charge of conspiracy to sell and deliver cocaine.

From judgments entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*William Norton Mason for defendant.*

WELLS, Judge.

In one of his assignments of error, defendant contends that the trial court erred in refusing defendant's requested jury instruction on the defense of entrapment. We agree and order a new trial.

In *State v. Jamerson*, 64 N.C. App. 301, 307 S.E. 2d 436 (1983), we set out the rules under which a defendant is entitled to an entrapment instruction:

In order to establish the defense of entrapment, the defendant·must prove '(1) acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, (2) . . . the criminal design originated in the minds of the government officials, rather than with the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities.' *State v. Walker*, 295 N.C. 510, 246 S.E. 2d 748 (1978).

A defendant is entitled to a jury instruction on entrapment whenever the defense is supported by defendant's evidence, viewed in the light most favorable to the defendant. *State v. Walker, supra, State v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191 (1955). The instruction should be given even where the state's evidence conflicts with defendant's. *Id*.

While defendant's evidence on this issue clearly conflicted with the state's evidence, defendant's evidence, when viewed in the light most favorable to defendant, tended to show the following events and circumstances. Ricky Watson, a confidential informant, and defendant were lifelong friends. Watson introduced defendant to SBI Agent Burch at a bar on 12 May 1982, identifying her as an acquaintance named Debbie York. Watson then asked defendant to obtain cocaine, but defendant refused. The

next day Watson and Burch visited defendant's home and while Burch was in another room, Watson told defendant that he had a quarter ounce of cocaine. Watson said he owed Burch money, and asked defendant to pretend that the cocaine was his, so that Watson would not have to give the cocaine to Burch in repayment of his debt. Defendant refused, explaining that he was on probation and did not want any drugs in his house. Finally, however, as a result of Watson's urgings, defendant agreed to pretend that the cocaine was his.

On 18 May 1982, Watson returned to defendant's house and again asked defendant to obtain cocaine for him, explaining that he could make enough money from the sale to enable him to repay Burch. Defendant refused, saying he couldn't get any cocaine and was afraid to have drugs in his house. Watson returned the next day and finally persuaded defendant to allow him to leave some cocaine at defendant's house while he went to pick up Burch. Watson told defendant that he would return soon and pick up the drugs, which were placed in a brown paper bag on defendant's bed. Watson returned on 19 May with Burch, who laid $2,000.00 on the bed, picked up the bag and left. Watson stuffed the money in his back pocket and followed Burch out the door. About thirty minutes later, Watson returned to defendant's home and thanked defendant for his help.

We hold that this evidence was sufficient to entitle defendant to his requested jury instruction.

New trial.

Judges BRASWELL and PHILLIPS concur.