An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-85

Filed: 20 October 2015

Durham County, No. 13CRS050538

STATE OF NORTH CAROLINA

v.

MILTON CARL MORGAN

Appeal by Defendant from judgment entered 11 June 2014 by Judge Michael O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Brian D. Rabinovitz, for the State.*

> *Ward, Smith & Norris, P.A., by Kirby H. Smith, III, for the Defendant.*

DILLON, Judge.

A jury found Defendant guilty of possession of cocaine, sale of cocaine, delivery of cocaine, and intentionally keeping or maintaining a dwelling for the purpose of keeping or selling cocaine. After arresting judgment on the delivery conviction,[1] the trial court consolidated the remaining offenses for judgment and sentenced

---

[1] *See State v. Moore*, 327 N.C. 378, 382, 395 S.E.2d 124, 127 (1990) ("[A] defendant may not . . . be convicted under N.C.G.S. § 90-95(a)(1) of both the sale *and* the delivery of a controlled substance arising from a single transfer.").

Defendant to a suspended prison term of eight to nineteen months and twenty-four months of supervised probation. Defendant gave notice of appeal in open court.

In July of 2012, a Durham police officer participating in a drug market intervention ("DMI") project at the Duke Manor apartment complex utilized a confidential informant to make a "controlled buy" of illicit drugs, equipping her with a device to record the transaction. The informant purchased one-tenth of a gram of crack cocaine from Defendant for $20 inside Defendant's apartment.

Both the officer and the informant testified at Defendant's trial. The informant explained that she knew Defendant because she "used to go over to his apartment with some other friends, and . . . would get high" on crack cocaine, painkillers, or heroin. Although she had not "bought" drugs from Defendant prior to the day of the "controlled buy," she had previously obtained drugs from him in "[e]xchange for sex . . . [p]robably a handful of times."

According to the informant, she went to Defendant's apartment "to ask him to call somebody to purchase drugs[.]" Defendant instead "told [her] he had something" and that "he had it for sale if [she] wanted to get it[.]" The informant handed Defendant a $20 bill and "asked him for marijuana and crack cocaine." Defendant instead gave her "just the cocaine." The informant left Defendant and returned to the officer's location and surrendered the contraband to him. The audio-visual

recording of her activities was admitted into evidence and played to the jury for illustrative purposes.

Defendant chose not to testify and offered no evidence to rebut the State's case. On appeal, he claims only that the trial court erred in denying his request for a jury instruction on the defense of entrapment. We disagree.

Entrapment is an affirmative defense for which the defendant bears the burden of proof. *State v. Adams*, 218 N.C. App. 589, 592, 721 S.E.2d 391, 394 (2012). Before a jury instruction on entrapment is required, "there must be some credible evidence tending to support the defendant's contention that he was a victim of entrapment, as that term is known to the law." *State v. Walker*, 295 N.C. 510, 513, 246 S.E.2d 748, 749 (1978) (internal marks omitted). "A defendant is entitled to a jury instruction on entrapment whenever the defense is supported by defendant's evidence, viewed in the light most favorable to the defendant." *State v. Jamerson*, 64 N.C. App. 301, 303, 307 S.E.2d 436, 437 (1983). The trial court's refusal to instruct the jury on entrapment is reviewed *de novo*. *State v. Ott*, ___ N.C. App. ___, ___, 763 S.E.2d 530, 532 (2014).

To support an instruction on a defense of entrapment, a defendant must show that "(1) law enforcement officers or their agents engaged in acts of persuasion, trickery or fraud to induce the defendant to commit a crime, and (2) the criminal

design originated in the minds of those officials, rather than with the defendant."

*Adams*, 218 N.C. App. at 593, 721 S.E.2d at 394 (internal marks omitted). Moreover,

> [e]ntrapment is not available to a defendant who was predisposed to commit the crime charged absent the inducement of law enforcement officials. The burden to prove a lack of predisposition remains with the defendant and is not shifted to the prosecution. Predisposition may be shown by a defendant's ready compliance, acquiescence in, or willingness to cooperate in the criminal plan where the police merely afford the defendant an opportunity to commit the crime.

*Id.* (internal marks and citation omitted).

In the present case, Defendant presented no evidence of the "lack of predisposition" required to establish entrapment. Although the informant came to Defendant's apartment and asked him "to call somebody for [her] to purchase drugs," it was Defendant who volunteered that "he had something." On cross-examination, the informant gave her most complete account of their conversation:

> Q      On that day, July 6, 2012, did [defendant] offer to sell them to you or did you have to ask him to sell them to you?
>
> A      He *told me he had something*, and I told him I was going to go look for something else because I was looking for a larger quantity.
>
> Q      So he didn't offer to sell them to you. You had to ask him and persuade him to do that?
>
> A      *He said he had it for sale if I wanted to get it*, but I larger – I was looking for a larger quantity.

(Emphasis added). Even viewed in the light most favorable to Defendant, this testimony has no tendency to show that Defendant was entrapped. "Merely asking defendant to sell drugs to her or telling him she was interested in buying some drugs did not constitute an inducement to defendant to commit a crime he did not otherwise contemplate committing." *State v. Rowe*, 33 N.C. App. 611, 614, 235 S.E.2d 873, 875 (1977). *See also State v. Thompson*, 141 N.C. App. 698, 707, 543 S.E.2d 160, 166 (2001) (requiring no entrapment instruction where "defendant required little urging before acquiescing" to the informant's request to buy cocaine).

This case does not involve repeated entreaties by an agent of law enforcement overcoming the will of a reluctant and largely passive Defendant; nor did the informant play on Defendant's emotions or sympathy to induce him to provide her with drugs.[2] *See, e.g., Ott*, ___ N.C. App. at ___, 763 S.E.2d at 533 (requiring instruction where the informant-friend "not only came up with the entire plan to sell the drugs but also persuaded defendant . . . to sell the pills . . . by promising her pills in exchange and by pleading with her for her help to keep the sale secret from her husband."); *State v. Foster*, ___ N.C. App. ___, ___, 761 S.E.2d 208, 215 (2014) (finding evidence of entrapment where undercover officer's "flirtatious behavior towards

---

[2]The informant's subjective assessment that defendant "didn't deal drugs" does not support an entrapment instruction, given Defendant's ready willingness to sell her the cocaine on 6 July 2012 as well as her testimony that Defendant previously traded her drugs for sex. *See, e.g.*, *State v. Carr*, 145 N.C. App. 335, 343, 549 S.E.2d 897, 902 (2001) ("[T]he term 'sale,' in the context of the North Carolina Controlled Substances Act, means the exchange of a controlled substance for money or any other form of consideration.").

defendant combined with his persistent requests for cocaine persuaded defendant to obtain the cocaine"); *State v. Walker*, 66 N.C. App. 367, 368-69, 311 S.E.2d 329, 330-31 (1984) (multiple requests by informant who was "life-long friends" with defendant). Accordingly, we conclude the trial court properly denied Defendant's request to instruct the jury on entrapment.

NO ERROR.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).